JENNIE E. BROWN, APPELLANT, V. O. W. WEBSTER, SPECIAL
ADMINISTRATOR, ET AL., APPELLEES.

FILED NOVEMBER 16, 1910. No. 16,142.

1. **Descent and Distribution: SUIT TO ENFORCE TRUST: PARTIES.** The title to real estate at the death of the owner descends *eo instanti* to his heirs, subject to administration, and the contingency of the probate of a will disposing of the same, in which event the title of the devisees relates back to the time of death. Until probate of such a will, the title is *prima facie* in the heirs at law, and they are necessary parties to an action to enforce a contract made by the deceased by declaring a trust in the property inherited or devised.

2. **Wills: PROBATE: JURISDICTION.** The district court has no power in an original action either directly or indirectly to determine whether an instrument proposed for probate is the last will of a deceased person. Original jurisdiction in such matters is conferred by the constitution upon the county court alone.

3. **Trusts: SUIT TO ENFORCE: WHEN MAINTAINABLE.** An action to declare a trust and to require the devisees and legatees named in a will to convey the property devised to the plaintiff is premature if brought before the will is proved and allowed by the county court in proper proceedings for that purpose.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Field, Ricketts & Ricketts,* for appellant.

*Charles O. Whedon* and *E. B. Perry,* contra.

LETTON, J.

This action is brought by the widow of Erastus E. Brown, deceased, against the special administrator of the decedent's estate and the devisees and legatees in a will executed by him shortly before his death. The purpose of the action is to enjoin the defendants from procuring or attempting to procure the probate of that instrument; that some of the defendants may be required to execute conveyances to plaintiff to part of the property; that the title to said real estate and to all the personal property of the estate may be quieted in the plaintiff; and the special administrator ordered to turn over to plaintiff all the property in his hands belonging to the estate. The petition, in substance, alleges that Erastus E. Brown died on the 15th of August, 1908, possessed of a large amount of real and personal property described in the petition, that he left no heirs, and that the plaintiff is his widow; that at the time of their marriage the deceased did not own property exceeding $1,000 in value, while the plaintiff received from her mother's estate about $20,000 in money, which was turned over to her husband and was managed, invested, and reinvested in his own name, and that the title to nearly all the property purchased from the proceeds was taken in his name and held and transferred as his own property; that some property was purchased in the plaintiff's name and held by her; that in January, 1896, as a result of these investments, plaintiff was the owner of real estate in her own name in the value of $40,000 or $50,000, and deceased was the owner of property of the value of $50,000 or $60,000; that at that time a parol contract was entered into between them, by which it was agreed that the survivor should, on the death of the other, become the owner of all the property

that should then be owned by the one who first died; that wills were executed in accordance with this agreement, placed in an envelope, and delivered to plaintiff for safe keeping, and they were placed by her in the family safe, where they remained until after the death of the deceased; that in reliance upon this agreement the plaintiff permitted him to deal with her property as if it were his own, and to use the plaintiff's residence for years as the family home without rent, while the income from the property of both was invested in the name of deceased; that deceased at no time notified the plaintiff that he wished to modify the agreement or to revoke the will executed in pursuance thereto; that in August, 1908, while her husband was dangerously ill at the home of his brother in Indiana, where he was visiting, and before plaintiff was able to reach him, deceased is said to have made and executed another and different will giving nearly all of his property to the defendants in this suit, who are his nieces and nephews; that this instrument is now filed in the office of the county judge of Lancaster county, Nebraska, and is proposed for probate as the last will and testament of Erastus E. Brown, deceased; that she had no knowledge of the execution of this instrument until after his death; that the will she executed in pursuance of the agreement was in full force and unrevoked at the time of her husband's death, and that the breach of the contract and attempted revocation of the 1896 will is a fraud upon her rights; that the probate of the will will cast a cloud upon her title to the property constituting the estate of deceased. She therefore prays as above stated. To this petition the special administrator filed a general demurrer. All of the other heirs except Kreitlow filed both special and general demurrers. Defendant Kreitlow answered, alleging a transfer of her rights to plaintiff, and disclaimed. The district court sustained the demurrers. The plaintiff refused to plead further, and the court dismissed the action, from which judgment the plaintiff appeals.

The plaintiff argues that there were no legal obstacles

preventing the deceased from making a valid obligation to leave his property to plaintiff; that the agreement was founded upon an adequate consideration; that the statute of frauds has no application; and, further, that the execution of will by each of the parties was a sufficient written memorandum of the contract, and that it was so far performed as to satisfy the statute of frauds.

The defendants say that specific performance will not lie because there is a defect of parties defendant, the action is premature, and the district court is without jurisdiction. They also contend that the alleged agreement is contrary to public policy, is within the statute of frauds, that there was no consideration, and there has been no party performance.

The question which lies at the very threshold of the case is: Can an action be maintained to enjoin the probate of a will, and also to compel the devisees named in the unprobated will to convey the property therein devised to them to plaintiff, the devisees not being the heirs at law of deceased? The petition shows that the legal heirs of the deceased are not made defendants in this action, and no interest in the property is shown to be possessed by the defendants except such as they may possibly derive in the future by virtue of the terms of the will which is proposed for probate, but which probate it is one of the purposes of this action to prevent. The petition does not allege what the fact in this regard is, and it is possible that when the 1908 will is offered for probate there may be objections filed upon the ground of undue influence, mental incapacity, or for other reason. By an experience of many years the writer has become convinced that, under circumstances similar to those alleged in the petition, such a contingency is within the bounds of probability. If such should be the case and the will be refused probate for any reason, then the only persons interested in the estate would be plaintiff, as devisee under the first will, and the legal heirs of the deceased, and whatever decree could be rendered in this action against the de-

fendants would be a vain thing. In such case similar questions might arise as to the probate of the 1896 will, which might make it doubtful whether the alleged rights of the plaintiff were based upon the will or upon the contract which is alleged to have preceded it, and the legal rights, duties, and liabilities of the interested parties might differ, depending upon whether the contract or the will was the foundation of the claim of the widow to all the property. Appellant says: "The only reason for making the devisees parties is to give them opportunity to protect their interests, if any. Their defense would neither be strengthened nor diminished by a probate of the will under which they claim." But, if the will is not probated, they have no interest in the estate, and the plaintiff has no right to vex them with an action predicated upon the contingency that at some future time, and upon the happening of what may be an uncertain event, they will have a title to the property. Appellant says that the heirs at law of the deceased are not necessary parties because "the allegations of the petition do not challenge the due execution of either the 1896 will or the 1908 will;" that all the beneficiaries in either of the wills are before the court, and that the equitable title to the property vested in the plaintiff immediately upon the death of Mr. Brown. But until a will is probated the title to the estate is *prima facie* in the heirs of the deceased, subject to administration. *Pratt v. Hargreaves,* 76 Miss. 955, 71 Am. St. Rep. 551; *Rakes v. Brown,* 34 Neb. 304; *Johnson v. Colby,* 52 Neb. 327. And, if the second will is not entitled to probate, then it is essential, in order to vest title in the plaintiff, either that the first will be probated or that she be successful in an action against the heirs at law to declare a trust in the property. If the second will is probated, then the question as to whether the devisees and legatees may be compelled to convey is open, but until the title vests in them such an inquiry is premature.

We have said that, where a person is entitled to the specific performance of an oral contract to convey, "equity

in such cases impresses a trust upon the property which will follow it into the hands of the personal representatives or devisees of the person obligated to convey the legal title." *Best v. Gralapp,* 69 Neb. 811, 815. And this is a well-established doctrine of the equity courts. But, before the property can be followed into the hands of either class, it must have reached either the one or the other. As matters now stand as respects the Brown estate, the *prima facie* title is in the heirs, subject to be vested in the defendant devisees and legatees if the 1908 will is probated. Equity consequently must be in doubt at this time which fork of the road to follow. We are of opinion that it should first be settled in whom the legal title rests before an attempt is made to declare a trust, and that all persons who may have an interest in the property be brought before the court at the same time so that the whole matter may be determined. *Best v. Gralapp, supra; Smullin v. Wharton,* 73 Neb. 667, 690; *Allen v. Bromberg,* 147 Ala. 317, 41 So. 771; *Pettit v. Black,* 13 Neb. 142.

Plaintiff says that, if she fail to establish her contract, it will be no impediment to the probate. True, but defendants have been put to the trouble and expense of defending an important lawsuit for fear of losing rights which they may never acquire if the will fail of probate. The plaintiff can lose nothing by waiting until the legal title vests, if it ever does, in those taking under the will, while the defendants may be troubled by litigation and put to what may be a useless and unnecessary expense.

The question remains, is the allegation that a deceased person by contract before his death made a disposition of his property other and different from that made by his last will a sufficient reason for the issuance of an injunction to restrain an attempted probate by the parties interested in the will? The purpose of the probate of a will is not to determine controversies as to title, but to settle whether the paper offered to be proved is the last will of the deceased. Of this proceeding under the Nebraska

constitution the county court has sole original jurisdiction. *Byron Reed Co. v. Klabunde,* 76 Neb. 801. The district court has no power in an original action to declare the 1908 paper to be a will, nor to declare that it is not the will of the deceased. *Loosemore v. Smith,* 12 Neb. 343; *Andersen v. Andersen,* 69 Neb. 565. If it cannot do this directly, it cannot do it indirectly by enjoining its probate in the proper court; otherwise, the whole field of controversy over the authenticity of wills might be taken from the county courts.

We are of the opinion that the action of the district court in sustaining the demurrer and dismissing the case was warranted. Its judgment is therefore

AFFIRMED.