WILLIAM R. HARVEY, Exr. *vs.* LULU A. WHITE *et als.*

MAY 27, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J. The above entitled case is a suit in equity brought by the executor of the will of James R. Chase, deceased, late of Middletown, praying for instructions. The case being ready for hearing for final decree in the Superior Court has been certified to this court for determination.

By the terms of said will the testator, after making a certain specific devise and two specific legacies, gave the residue of his estate to his children and the child of a deceased son. Among the beneficiaries under this residuary gift the testator named his son George R. Chase.

Claims against the estate aggregating over $9,500 have been filed by two national banks of Newport. Both of these claims arose upon promissory notes given to said banks by

George R. Chase, the son of the testator, for money loaned by the banks to George R. Chase. These notes had been signed by the testator at the request of and as accommodation indorser for George R. Chase. After the death of the testator these notes at their maturity were duly protested for nonpayment. The claims of the national banks were not disallowed by the executor and said notes have been paid by him out of the assets of the testator's estate.

The bill alleges that the payments thus made by the executor upon the notes exceed the amount of the share in the residuary estate which should have been paid to said George R. Chase but for the matter just stated. The complainant asks for instructions as to whether he shall distribute the residuary estate equally among the residuary legatees including George R. Chase or shall exclude George R. Chase from such distribution.

It is a generally recognized principle that in the absence of an intention to the contrary, explicitly or by necessary implication, appearing in the will a legacy to a debtor of the testator does not release the indebtedness. An executor or administrator may retain from the amount of a legacy or from a distributive share in a decedent's estate the amount of a debt due to the estate from the beneficiary under such legacy or from the distributee of such share. Courts have applied different designations to such right in an executor or administrator. It is in the nature of a right of retainer based upon the equitable principle the legatee is not entitled to the legacy while, by failure to pay his indebtedness to the estate, he retains a part of the assets out of which the legacy is to be paid. *Armour* v. *Kendall*, 15 R. I. 193. The decision in *Armour* v. *Kendall, supra*, has been approved and followed in *Chafee* v. *Maker*, 17 R. I. 739, which was affirmed in *Dean* v. *Rounds*, 18 R. I. 436. See also *Fisher*, *Petitioner*, 19 R. I. 53.

This so-called right of retainer applies not only to debts owing by a legatee or a distributee to the testator in his lifetime and unpaid at the time of his death, but also to a

contingent liability assumed by a testator for the benefit of a legatee or distributee which the personal representative has been obliged to discharge out of the estate after the decedent's death, which is the case in the matter now before us.

Upon the complainant's prayer for instructions we hold that of the portion of the residuary estate, which would otherwise be payable to George R. Chase, said George R. Chase is entitled only to the excess of said portion over his indebtedness to the estate. If, as is alleged in the bill, the indebtedness of George R. Chase exceeds that portion, the portion shall be applied *pro tanto* in extinguishment of his indebtedness to the estate.

On June 1, 1925, the parties may present a form of decree in accordance with this opinion.

*William R. Harvey*, for complainant.

*Burdick & MacLeod, William A. Peckham*, for respondent, George R. Chase.

*J. Russell Haire, William P. Sheffield*, for guardian *ad litem* and other respondents.