FIRST TRUST COMPANY OF LINCOLN, APPELLANT, v. HERMAN L. CORNELL ET AL., APPELLEES.

FILED DECEMBER 30, 1925. No. 23447.

1. Appeal: APPLICATION OF LEGACY TO DEBT OF LEGATEE: REVIEW. When in a suit in equity, by an executor, the petition contains every allegation necessary to present the right of the executor to retain a legacy and apply the amount thereof upon the debt of the legatee due the estate of plaintiff's testator, that issue will be determined by this court on appeal, notwithstanding the petition contains matter that is mere surplusage.

2. Executors and Administrators: APPLICATION OF LEGACY TO DEBT OF LEGATEE. The right of an executor to retain in his own hands so much of a legacy as does not exceed the amount due from the legatee to the executor and apply it toward the extinguishment of that debt does not depend upon the insolvency of the legatee.

3. ———: ———: RIGHTS OF ASSIGNEE. While a legatee retains in his own hands a part of the fund out of which his legacy and

other legacies should be paid, he is not entitled to receive from the executor the amount of his legacy without deducting therefrom the amount of the fund which is already in his hands as a debtor of the estate. And the assignee of such legatee takes it subject to any equity which existed against it in the hands of his assignor.

4. ——: ——: ——. The assignee of a legatee takes subject to any existing equities in favor of the executor and against the legatee, and any right of retainer that could be enforced against the legatee may be enforced against the assignee, notwithstanding the assignee took without notice of the existence of such equities.

5. ——: ——. The right of an executor to retain a legacy and apply it pro tanto upon the debt of the legatee exists independently of statute.

6. ——: POWER TO BIND ESTATE. A declaration or promise made by an executor is ineffectual to bind his testator's estate until it has received the sanction of the proper court.

7. ——: ESTOPPEL. Held, that plaintiff is not estopped to maintain this proceeding because of any of the matters pleaded in defendant's answer.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. Reversed.

Burkett, Wilson, Brown & Wilson, for appellant.

R. H. Hagelin and R. F. Stout, contra.

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON and EBERLY, JJ.

MORRISSEY, C. J.

This is a suit in equity brought by the First Trust Company of Lincoln, Nebraska, as executor of the last will and testament of Bartlett L. Paine, deceased.

Paine departed this life March 13, 1921, leaving a last will and testament under the terms of which Herman L. Cornell, one of these defendants, received a legacy of $2,000. April 11, 1921, the will was duly admitted to probate. On

and prior to the date of the death of testator, Cornell was indebted to testator in the sum of $15,000, which indebtedness was evidenced by promissory notes. April 30, 1921, before the notes Cornell had given plaintiff's testator had matured, Cornell, for a valuable consideration, assigned the legacy to defendant Diehl, and this assignment was immediately filed with the probate court of Lancaster county. January 5, 1922, the executor recovered a judgment against Cornell upon the notes, and, upon execution issued, return was made, no property found.

The petition in this case, in addition to alleging the matters above mentioned, charged that defendant Cornell was insolvent at the time of the assignment of his legacy and was insolvent at the time plaintiff's petition was filed.

By this suit plaintiff seeks to have the legacy applied as a partial payment of the judgment debt.

Defendant Cornell has defaulted. Defendant Diehl, by answer, has set up the assignment of, and his right to, the legacy. And he pleads also that the notes executed by defendant Cornell did not mature until after his purchase of the assignment of the legacy, and that, before making the purchase, he counseled with the officer who was then in charge of plaintiff's business with relation to the legacy and that he was assured by such officer that he, Diehl, might make the purchase, and was by that officer directed to the attorney who prepared the assignment, and that defendant relied solely upon such advice in making the purchase of the legacy, and plaintiff is estopped to deny its liability therefor to this defendant.

The answer affirmatively denied the insolvency of defendant Cornell and contained a general denial of all matter not specifically admitted.

The reply was a general denial supplemented by an allegation that, at the time Cornell executed the assignment, he was insolvent and that his insolvency was then well known to his codefendant Diehl, and that Diehl took the assignment with knowledge that Cornell was indebted to plaintiff's testator in a sum largely in excess of the legacy.

By the court's decree, plaintiff's petition was dismissed and plaintiff was directed to pay over to defendant Diehl the sum of the legacy which he had purchased from his codefendant Cornell. From this decree, plaintiff has appealed.

On the material issues of fact there is no substantial dispute. In the presentation of its case in this court, plaintiff invokes the doctrine of equitable retainer, which is frequently loosely called a set-off.

Defendant asserts that in the district court, plaintiff tried and submitted its cause as a creditor's bill, and, therefore, cannot here invoke the doctrine of retainer. We do not know what theory was advanced in oral argument in the lower court. At that time counsel may have had a different theory from that urged here; but, regardless of what may then have been in the mind of counsel, we are bound by the record, and as the petition contains every averment necessary to raise the right of retainer, although some matters of mere surplusage are pleaded, we must determine the question presented. Comp. St. 1922, sec. 9150.

The pleadings put in issue the solvency, or insolvency, of the legatee, and the finding of the court was had thereon. However, this question may be dismissed, for the right of an executor to retain in his own hands so much of a legacy as does not exceed the amount due from the legatee to the executor and apply it toward the extinguishment of that debt does not depend upon the insolvency of the legatee. *Estate of Angle,* 148 Cal. 102.

We will assume that defendant Diehl, for a valuable consideration, purchased an assignment of the legacy of his codefendant Cornell, in good faith, and with the knowledge of the executor, before the notes evidencing the indebtedness of Cornell to plaintiff's testator had matured. What are the rights of the respective parties? The weight of authority is to the effect that, while a legatee retains in his own hands a part of the fund out of which his legacy and other distributive shares should be paid, he is not entitled to receive from the executor the amount of his legacy.

"Where a distributee is indebted to the estate, it is the duty of the executor to retain from his share the amount of such indebtedness." *Hoffman v. Hoffman,* 88 Md. 60. Nor is the rule otherwise where a legacy has been assigned to a good faith purchaser.

"This right of retainer depends upon the principle that the legatee or distributee is not entitled to his legacy, or distributive share, while he retains in his own hands a part of the funds out of which that and other legacies or distributive shares ought to be paid, or which is necessary to extinguish other claims on those funds. And it is against conscience that he should receive anything out of such funds without deducting therefrom the amount of the funds which is already in his hands as a debtor to the estate. And the assignee of the legatee, or distributee, in such a case, takes the legacy or distributive share subject to the equity which existed against it in the hands of the assignor." *Smith, Admr., v. Kearney,* 2 Barb. Ch. (N. Y.) 533.

"A legatee, who is indebted to the estate of his testator, is not entitled to recover his legacy, nor that which he holds by assignment in right of another legatee, so long as any part of that debt, equal to the amount of the legacies claimed, remains due and unpaid; and the assignee of such legatee can be in no better situation than the legatee himself." *Keim v. Muhlenberg,* 7 Watts (Pa.) 79.

It is suggested in argument that this legacy is taken out of the general rule and cannot be retained because it was assigned before the notes which defendant Cornell had given to testator had matured. This argument is answered in *Stanley v. United States Nat. Bank,* 110 Or. 648, wherein the supreme court of Oregon say: "An assignee of a legacy, whether with or without notice of legatee's indebtedness to the estate, takes subject to existing equities." And in 3 Woerner, American Law of Administration (3d ed.) sec. 563, it is said: "Since the assignee can have no greater right in a legacy or distributive share than the assignor possesses, it is obvious that any right of set-off which existed against the assignor is good against the assignee."

First Trust Co. v. Cornell.

For other cases touching the general subject, see *Kinealy v. O'Reilly,* 236 Pac. (Ariz.) 716; *Harvey v. White,* 129 Atl. (R. I.) 263; *Baily's Estate,* 156 Pa. St. 634; 3 Woerner, American Law of Administration (3d ed.) sec. 564.

The assignee of the legacy challenges the right of the executor to retain the legacy and apply it *pro tanto* upon the debt of the legatee in the absence of a statute authorizing such procedure. But this right exists independently of statute. *Webb v. Fuller,* 85 Me. 443.

Defendant Diehl invokes the doctrine of estoppel. He asks the court to hold that, because he consulted an officer of plaintiff as to the purchase of the legacy and was assured by that officer that he might safely make the purchase, plaintiff is now estopped to maintain this proceeding. The effect of admissions, or declarations, by executors and administrators has been affected by the change in procedure resulting from the probate statutes of the several states. As has been said: "The functions of an executor, or administrator, constitute an essential element of the law, and are exercised with entire independence of the personal views, desires, and intentions of the parties concerned." 1 Woerner, American Law of Administration (3d ed.) sec. 10.

"The interest which an executor or administrator has in the estate of the deceased is *in auter droit* merely. He is the minister or dispenser of the goods of the dead. Since the property is not his own, it follows that he may maintain an action therefor *in auter droit* although he himself be disabled from suing *proprio jure.*" 1 Woerner, American Law of Administration (3d ed.) sec. 174.

And a declaration or promise made by an executor is ineffectual to bind his testator's estate until it has received the sanction of the proper court.

Plaintiff is not estopped to maintain this proceeding for the benefit of the estate because of any act or declaration of its officer. 2 Woerner, American Law of Administration (3d ed.) sec. 324.

The judgment of the district court is reversed and the

cause remanded for proceedings in accordance with this opinion.

REVERSED.

Note—See (2, 3, 4) 11 R. C. L. 246; 2 R. C. L. Supp.1229-24 C. J. sec. 1317. (5) 11 R. C. L. 245; 2 R. C. L. Supp. 1227; 4 R. C. L. Supp. 706; 5 R. C. L. Supp. 604.