163 So. 324

## REED v. RAGSDALE et al.

### 8 Div. 613.

Supreme Court of Alabama.

June 27, 1935.

Rehearing Denied Oct. 10, 1935.

Wm. C. Rayburn, of Guntersville, for appellant.

T. Harvey Wright, of Guntersville, for appellees.

Brief did not reach the Reporter.

GARDNER, Justice.

In August, 1928, James T. Ragsdale died, leaving an estate consisting of a homestead and personal property within the amount allowed the widow as exemption. There were no debts and no proceedings to set aside any exemptions, but the widow continued to live on the land and used the personal property as she saw fit. Prior to his death, the said Ragsdale had made certain advances to his children, including G. C. Ragsdale, his son. The widow died in January, 1932; the heirs of said James T. Ragsdale being the devisees of her will. The administration of the two estates was consolidated, and the lands of James T. Ragsdale sold for distribution among the heirs.

This appeal involves only the question of an advancement to G. C. Ragsdale, chargeable to him out of the estate in priority of the claim of appellant, who recovered a judgment against said G. C. Ragsdale. Confessedly, if G. C. Ragsdale, the heir, was indebted to the estate of James T. Ragsdale by way of advancements made, the other heirs have an equitable lien upon the lands of decedent for the debt which he owes the estate, which would be superior in equity to any lien acquired by appellant as a judgment creditor of said G. C. Ragsdale. Streety & Co. v. McCurdy, 104 Ala. 493, 16 So. 686.

But it is contended the indebtedness of G. C. Ragsdale was to M. A. Ragsdale's estate, and not that of James T. Ragsdale.

True, the indebtedness is evidenced by a note made by G. C. Ragsdale on May 7, 1931 to M. A. Ragsdale, which contains the stipulation: "It is understood and agreed that in event this note is not paid to M. A. Ragsdale before her death, then in that event the same shall be charged against Cleve (G. C., we interpolate) Ragsdale's share or interest in the estate of J. T. Ragsdale, as an advancement." The widow, M. A. Ragsdale, in fact does not appear to have possessed any estate, but continued in the use and enjoyment of the property left by her husband without administration or proceedings of any character. But the entire matter is made clearer by the following stipulation found in the agreed statement of facts: "That on May 7, 1931, G. C. Ragsdale an heir at law of James T. Ragsdale devisee of the will of Mina A. Ragsdale executed a note to N. A. Ragsdale for three hundred eleven and 50/100 dollars ($311.50) with interest from date, the consideration of which note was an advancement that had been made to G. C. Ragsdale by James T. Ragsdale in his life time and by Mina A. Ragsdale in her life time out of the funds that belonged to the the estate of James T. Ragsdale and none of which has ever been repaid to the estate of James T. Ragsdale, to Mina A. Ragsdale or the administrator, or the executor of said estates"—all of which tends to show that G. C. Ragsdale had received an advancement from his father during his lifetime, and an additional sum from his mother after the father's death, out of funds belonging to the estate of the father. While the note was made payable to the widow, yet it appears she was acting for and in the interest of the other heirs of the father, and the full amount by agreement treated as an advancement from the father's estate. Any other interpretation would run counter to the plain and manifest intention of the parties.

We are of the opinion the chancellor correctly ruled in treating this sum as an advancement to the heir, G. C. Ragsdale, the payment of which to the estate had priority over the judgment of appellant.

The decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.