**PORTER v. BENNISON et al.**
No. 3999.

United States Court of Appeals
Tenth Circuit.
March 6, 1950.

I. H. Spears, Detroit, Mich. (Thomas Campbell, Denver, Colo. on the brief) for appellant.

S. M. True, Denver, Colo. (G. E. Hendricks, Julesburg, Colo. on the brief) for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

This appeal is from the judgment of the United States Court for Colorado dismissing for want of jurisdiction an action instituted by Hereford B. Porter against Warren R. Bennison, Margarette Bennison, Lennette E. Bennison, G. W. Hendricks, individually and as administrator of the estate of George W. Mattingly, deceased, and First Trust Company of Lincoln, Nebraska.

It was alleged in the amended complaint that plaintiff was a citizen of Michigan; that defendants were citizens of Nebraska and Colorado; and that the amount in controversy was in excess of $3,000, exclusive of interests and costs. It was further alleged that George W. Mattingly, a Negro, died in 1924, leaving Jeannette Miller Breckenridge as his sole heir; that Jeannette Miller Breckenridge died in 1934, leaving plaintiff as her sole heir and beneficiary of the estate of Mattingly; that nineteen days prior to the death of Mattingly, and at a time when he was unconscious and sick unto death, Charles W. Bennison and I. T. McCaskey, white men, prepared and took to his room a paper purporting to be a will; that they took his hand and placed a mark on the paper as his signature; that under the terms of the will, the entire estate of Mattingly was devised and bequeathed to Bennison and McCaskey; that the will was fraudulently presented to the probate court of Butler County, Nebraska, for probate; that its admission to probate was brought about by false and fraudulent testimony; and that Charles C. Croswaithe was appointed administrator of the estate with the will annexed. It was further alleged that at the time of his death, the decedent owned certain lands in Sedgwick County, Colorado; that a certified copy of the will and the probate proceedings in Nebraska were filed in the county court of Sedgwick County, Colorado; that George W. Hendricks was appointed administrator of the estate in that state; that Croswaithe and Hendricks, with notice of the fraud inhering in the execution of the purported will and in the probate proceedings, took possession of money and property belonging to the estate and appropriated large amounts thereof to their own use and benefit; that the First Trust Company acted under the will with notice of the fraud; and that the rights asserted by the other defendants were acquired with notice of the fraud or with sufficient information to put the parties on notice thereof. It was further alleged that Jeannette Miller Breckenridge was not served with process in connection with the probate proceedings and did not have any notice thereof; and that plaintiff did not discover the fraud until less than three years prior to the institution of the action. And it was further alleged that the defendants, acting under color of state law, had

deprived plaintiff of his property in violation of the Constitution of the United States and of certain federal statutes; and that the action was one arising under the Constitution and laws of the United States. The prayer was for judgment declaring defendants to be constructive trustees ex maleficio for the benefit of plaintiff; directing conveyance of the described lands to plaintiff; quieting title in plaintiff; an accounting; or in the alternative; damages.

It is contended that under Title 28, section 1331 of the United States Code Annotated, the court had jurisdiction of the action. The statute provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution or laws of the United States, and having more than $3,000 involved, exclusive of interest and costs. But not every question of federal law lurking in the background or emerging necessarily places the suit in the class of one arising under the Constitution or laws of the United States, within the meaning of the statute. A suit having for its purpose the enforcement of a right which finds its origin in the Constitution or laws of the United States is not necessarily and for that reason alone one arising under such laws. In order for a suit to be one arising under the Constitution or laws of the United States, it must really and substantially involve a dispute or controversy in respect of the construction or effect of a provision in the Constitution or the validity, construction, or effect of an Act of Congress, upon the determination of which the result depends. A right or immunity created by the Constitution or laws of the United States must be an essential element of plaintiff's cause of action, and the right or immunity must be such that it will be supported if one construction or effect is given to the Constitution or laws of the United States and will be defeated if another construction or effect is given. And a genuine present controversy of that kind must be disclosed upon the face of the complaint. Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205; Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Regents of New Mexico College of Agriculture & Mechanic Arts v. Albuquerque Broadcasting Co., 10 Cir., 158 F.2d 900; Andersen v. Bingham & Garfield Railway Co., 10 Cir., 169 F.2d 328. Laying aside the allegations contained in the amended complaint which were mere conclusions of law, it is manifest that the pleading did not allege a cause of action arising under the Constitution or laws of the United States.

The further contention is that under Title 28, section 1332, of the United States Code Annotated the court was vested with jurisdiction of the action. The statute provides that the district courts shall have original jurisdiction of actions in which the amount in controversy exceeds $3,000, exclusive of interest and costs, and is between citizens of different states. Strong reliance is placed upon the case of Gaines v. Chew, 2 How. 619, 11 L.Ed. 402, to sustain the contention. There, the bill in equity filed in the United States Court for Louisiana alleged that the decedent executed two wills; that the later will was fraudulently suppressed or destroyed; that the earlier one was fraudulently tendered for probate and admitted to probate; and that the defendants, some of whom were executors under the earlier will and others were purchasers of property belonging to the estate, knew of the fraud. The prayer was revocation of the first will, effectiveness given to the second will, discovery, and an accounting. The court held that the later will would have to be established and admitted to probate before any rights could be asserted under it; that in Louisiana the court of probate had exclusive jurisdiction in the proof of wills; that in cases of fraud, equity has concurrent jurisdiction with a court of law, but in regard to a will charged to have been obtained through fraud, that rule does not obtain; and that the United States Court did not have jurisdiction in equity to carry the spoliated will into effect. However, the bill was upheld as a bill of discovery to assist complainants in their proofs before the probate court; and the court intimated that in the event the probate court should decline to exercise jurisdiction, and there should not be any remedy in the higher courts of the state, the United States Court in the exercise of its

equity jurisdiction might have inherent power to afford a remedy where the right was clear, by giving effect to the later will. But the court did not go further in that case. The case of In re Broderick's Will, 21 Wall. 503, 22 L.Ed. 599, is indistinguishably similar to this one. That was an action in equity instituted in the United States Court for California by the alleged heirs at law of the decedent to have a purported will declared a forgery, to set aside the probate of the will and all subsequent proceedings had in the probate court, to have those deraigning title to property under the will charged as trustees for complainants, to compel conveyance to complainants of property belonging to the estate, and for general relief. The court said that the probate courts in California were vested with exclusive jurisdiction to probate wills, issue letters testamentary and of administration, and entertain all cognate matters usually incident to that branch of judicature; that every objection to the will or the probate thereof pleaded in the bill could have been raised in the probate court; and that the relief sought by declaring the purchasers trustees for the benefit of complainants would have been fully compassed by denying probate of the will. There was diversity of citizenship and the amount in controversy exceeded that which was requisite for jurisdiction, but it was held that the bill failed to state a cause of action for equitable interference with the probate of the will or for establishing a trust as against the purchasers from the estate for the benefit of complainants. And Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L. Ed. 664, is equally apposite. There all of the heirs at law of Moses Hubbard and Mary Jane Hubbard, deceased, except Cora D. Spencer, filed in the United States Court for Texas their bill in equity. Cora D. Spencer was joined as a party defendant. The bill set up diversity of citizenship and the fact that the amount in controversy exceeded that which was requisite for jurisdiction. The objects of the action were to treat the joint will of Moses Hubbard and Mary Jane Hubbard as inefficacious to dispose of their community property; to set aside a judgment said to have been obtained in the district court of the state by English and others, devisees under the will, establishing their title to the community property as against Mary Jane Hubbard; to have the will of Mary Jane Hubbard, at least to the extent that a certain paragraph thereof gave and bequeathed the residue of her property to Cora D. Spencer, decreed not to be a testamentary disposition of that portion of the estate of the testatrix which had been community property; and to have the property constituting the separate estate of Mary Jane Hubbard and not having been effectively devised by her, be decreed to have passed to complainants as her heirs at law. It was held that the county courts in Texas had the general jurisdiction of probate courts, with power to probate wills, grant letters testamentary or of administration, and settle accounts of executors and administrators; that the county courts had exclusive original jurisdiction to entertain proceedings seasonably instituted to contest the validity of wills; that an essential feature of the cause of action stated in the bill was to annul the will of Mary Jane Hubbard, which under the laws of Texas was merely supplemental to the proceedings for the probate of her will and was cognizable only in the county court; and that therefore the cause of action pleaded in the bill was not within the jurisdiction of the courts of the United States.

As we understand the law of Nebraska, the county courts in that state are clothed with exclusive original jurisdiction in all matters relating to the probate of wills, including the vacating of an order admitting a will to probate for fraud, or on other grounds. It is our further understanding that the district courts of that state, under their general grant of equity jurisdiction, do not have original jurisdiction to entertain in the first instance a proceeding in equity to declare a purported will to be a forgery, to vacate the probate of such a will, and to charge those deraigning title under a will of that kind trustees ex maleficio for the benefit of complainants. Sovereign Camp of Woodmen of the World v. Grandon, 64 Neb. 39, 89 N.W. 448; Brown v. Webster, 87 Neb. 788, 128 N.W. 635; In re Shierman's Estate, 129 Neb. 230,

261 N.W. 155. And we understand the law of Colorado to be substantially the same in effect. Glenn v. Mitchell, 71 Colo. 394, 207 P. 84. The county court of Butler County, Nebraska, being clothed with exclusive original jurisdiction to entertain a proceeding to declare the will of Mattingly invalid for fraud, and to vacate the order admitting it to probate; and the county court of Sedgwick County, Colorado, being clothed with like exclusive original jurisdiction to vacate its order appointing an administrator in that state, the United States Court for Colorado, in the exercise of its general grant of jurisdiction based upon diversity of citizenship and the requisite amount in controversy, did not have jurisdiction to entertain the suit in equity pleaded in the amended complaint. In re Broderick's Will, supra; Sutton v. English, supra.

The judgment is affirmed.