**A. B. WILLIAMS, Appellant,**

v.

**CITY OF WICHITA, KANSAS, a municipal corporation; and Robert V. Smrha, as Chief Engineer of the Division of Water Resources of the Kansas State Board of Agriculture, Appellees.**

No. 6258.

United States Court of Appeals
Tenth Circuit.

May 23, 1960.

376

Kenneth G. Speir, Newton, Kan. (Vernon A. Stroberg, Herbert H. Sizemore and Richard F. Hrdlicka, Newton, Kan., on the brief), for appellant.

Richard E. Pringle, Asst. Atty. Gen., State of Kansas, and Warden L. Noe, Sp. Asst. Atty. Gen., State of Kansas (John Anderson, Jr., Atty. Gen., State of Kansas, on the brief), for appellee R. V. Smrha, Chief Engineer of Division of Water Resources, Kansas State Board of Agriculture.

Robert B. Morton, Wichita, Kan. (Fred W. Aley, Wichita, Kan., on the brief), for appellee City of Wichita, Kan.

Before PICKETT and BREITENSTEIN, Circuit Judges, and SAVAGE, District Judge.

BREITENSTEIN, Circuit Judge.

This case is here for the second time. The first appeal involved action by the trial court in sustaining motions to dismiss the complaint. This court, on January 26, 1956, remanded the case with directions that "action upon such motions be held in suspense for a reasonable time to await determination in the state courts of important questions of state law involved herein."

On October 1, 1959, the trial court again examined the matter and held that: (1) more than a reasonable time had elapsed since the filing of the mandate; (2) the issues involved an interpretation of Kansas law which should be made by Kansas courts; and, (3) the plaintiff [appellant] had instituted suit in a Kansas court of appropriate jurisdiction to establish his water use rights which are the principal issue in this controversy. The court then dismissed the action without prejudice.

Appellant-plaintiff Williams seeks a declaratory judgment that two water use permits issued by the Chief Engineer of the Division of Water Resources of the Kansas State Board of Agriculture to the City of Wichita are void and for an injunction restraining action under such permits. The gravamen of the complaint is that Williams owns land overlying certain water beds from which Wichita,

under the permits in question, withdraws and will continue to withdraw water to an extent that the value of his land will be diminished. The basic issue is whether Williams has a property right in such water of which he has been deprived by the withdrawals under the permits.

There is no diversity of citizenship. Jurisdiction depends on 28 U.S.C. § 1331, which requires a substantial federal question.[1]

The complaint does not attack the constitutionality of the Kansas statute under which the permits were issued[2] and does not allege that the issuance of the permits was in violation of that statute. The claim is that Williams has been unconstitutionally deprived of a property right. The determination of such claim involves the question as to whether, under Kansas law, a landowner has a property right in water which underlies the surface of his land.

Prior to the enactment of the Kansas Water Appropriation Act of 1945,[3] Kansas recognized the doctrine of riparian rights.[4] This was changed by the 1945 law.[5] A state may modify

or reject the riparian doctrine and adopt the appropriation system but in so doing it must recognize valid and existing vested rights.[6] The Kansas statute, as amended,[7] provides that permits are subject to valid existing vested rights which are protected either by actions for damages or for injunction.[8]

We do not know, and are not advised, if in Kansas rights to underground waters are absolute on the theory that the owner of the land owns that below and above the surface, if they are correlative and subject to the rule of reasonable use, or if they are dependent upon appropriation and application to beneficial use. Such rights may or may not differ if they involve the waters of definite underground streams, percolating waters, or artesian waters. Rights to the use of underground waters depend upon state law and vary greatly.[9] They should be determined by local law.

For the federal courts to step in and determine these important questions in advance of authoritative action by Kansas would be unwise because of the possibility of provoking unseemly conflict between the two sovereignties. The

1. Porter v. Bennison, 10 Cir., 180 F.2d 523, 525. See also Gully, State Tax Collector, etc., v. First National Bank in Meridian, 299 U.S. 109, 117, 57 S.Ct. 96, 81 L.Ed. 70, and Smith v. Kansas City Title & Trust Company, et al., 255 U.S. 180, 199, 41 S.Ct. 243, 65 L.Ed. 577. The reliance on the Declaratory Judgments Act, 28 U.S.C. § 2201, does not change this situation as that act applies only to cases within the jurisdiction of a federal court.

2. The constitutionality of the statute was upheld by a federal three-judge district court in Baumann v. Smrha, D.C., 145 F.Supp. 617, affirmed 352 U.S. 863, 77 S.Ct. 96, 1 L.Ed.2d 73.

3. Kan.G.S.1949, Ch. 82a, Art. 7.

4. E.g. State ex rel. Peterson v. Kansas State Board of Agriculture, 158 Kan. 603, 149 P.2d 604, 608.

5. See State ex rel. Emery v. Knapp, 167 Kan. 546, 207 P.2d 440.

6. United States v. Rio Grande Dam & Irrigation Company, 174 U.S. 690, 702–704, 19 S.Ct. 770, 43 L.Ed. 1136; Bau-

mann v. Smrha, supra, 145 F.Supp. at pages 624–625, and cases cited in footnotes 2 and 3.

7. See Kan.G.S.1957 Supp., Ch. 82a, Art. 7. Pertinent provisions are §§ 82a–712 to 82a–716, as amended.

8. Section 82a–716, as amended, reads in part: "If any appropriation, or the construction and operation of authorized diversion works results in an injury to any common-law claimant, such person shall be entitled to due compensation in a suitable action at law against the appropriator for damages proved for any property taken."

9. See Hutchins, Selected Problems in the Law of Water Rights in the West, Misc. Pub. No. 418, United States Dept. of Agriculture, Chap. 4. A summary of state law governing ownership and use of underground waters appears at pp. 147–151. At p. 155, the statement is made that: "The principles governing ownership and use of percolating ground [underground] waters have been developed mainly by the courts."

378

determination of the constitutional questions asserted here is not necessary unless Williams has a property right in the underground water. This should be determined by the state processes without any impairment by federal action. These reasons are sufficient under Martin, Successor to Lawler, etc. v. Creasy, 360 U.S. 219, 224, 79 S.Ct. 1034, 3 L.Ed.2d 1186, and cases there cited, to support the lower court in abstaining from exercising jurisdiction in this declaratory judgment suit between citizens of the same state.

The trial court followed the mandate of this court and waited for over three and one-half years for the parties to have a determination of the basic issues in the state courts which were and still are open to them. Further patience is not required. The judgment of dismissal without prejudice is affirmed.