[No. 1593.]

In the Matter of the Estate of SAMUEL SINGLETON, Deceased.

Probate Court—Jurisdiction.   The probate court, in the absence of statute, has no jurisdiction to adjudicate disputed rights against an estate.

Appeal from the First Judicial District Court, Douglas County; *C. E. Mack*, Judge.

In the Matter of the Estate of Samuel Singleton, deceased. From a judgment in favor of Agnes Scossa, executrix, construing a deed of a testamentary writing, the heirs of Rebecca Singleton, widow of deceased, appeal. **Appeal dismissed.**

The facts sufficiently appear in the opinion.

*Torreyson & Summerfield*, for Appellants:

I.   Samuel Singleton, on the 17th day of March, A. D. 1888, made a deed to his wife of all his property, real and personal, wheresoever found.   A copy of this deed is set out in the objections.   It was duly acknowledged and recorded and has been on record since the 2d day of December, 1888, and is in words as follows:   "Know all men by these presents:   That I, Samuel Singleton of the Town of Sheridan, County of Douglas, State of Nevada, in consideration of the love and affection which I have and bear for my wife, Rebecca Singleton, and also for divers other and good causes and considerations, me, the said Samuel Singleton, moving, have given, granted and confirmed, and by these presents do give, grant and confirm unto the said Rebecca Singleton, all and singular my lands, tenements and hereditaments wheresoever situated, lying or being, whether in the County of Douglas, State of Nevada, aforesaid, or elsewhere, together with all and singular my goods, chattels and personal estate of every name and nature, in whose hands, custody or possession soever they may be; unto and for her sole use and

behoof forever and unto her heirs, administrators and assigns; this conveyance to be of force and effect at and upon the event of my death, the said Rebecca Singleton, my wife, surviving me. To have and to hold, all and singular, the premises, lands, chattels and personalities aforesaid with the appurtenances and belongings of whatever nature and kind unto the said Rebecca Singleton, my wife, her heirs, administrators and assigns forever. In witness whereof, I have hereunto set my hand and seal at the County of Douglas, State of Nevada, on this 17th day of March, A. D. 1888. Samuel Singleton (Seal). The foregoing was acknowledged in the usual form of the statute before G. W. Dungan, County Recorder, on the said 17th day of March, 1888, and filed for record, December 2, 1888, at 1 o'clock p. m."

II.    Samuel Singleton died on the 6th day of November, 1897, and his wife, Rebecca Singleton, survived him. The sole question to be determined in the case is this: Is the instrument set forth a deed, or is it a will, testamentary in character. By "testamentary" is meant: pertaining to a will or testament; derived from, founded on or appointed by a testament. "Testamentum: a testament or will; a disposition of property made in contemplation of death."

III.    When the deed from Singleton to his wife was executed only ordinary and nuncupative wills were recognized under our law. There was not such an instrument as an olographic will until the act of the legislature of this state, March 20, 1895. (Stats. 1895, 112.)

IV.    The document in question cannot be a will, for it has not the formalities required by statute. If not a will, the question of the intention of the grantor cannot arise. If not a will, it cannot be revoked. Counsel urge upon the court that the document is revocable, but, at the same time, insist it is not a will. If our position be correct, that this document is not a will, because it has not the formalities required by the statute, then it could not be revoked by a subsequent will, and contestant should prevail.

V.    To construe it as a will the intention of the grantor will be defeated, because it cannot be set up as a will, not having the formalities prescribed by statute. Supporting these principles, we call the attention of the court to the

following cases:  Bunch v. Nicks, 50 Ark. 367; Wyman v.
Brown, 50 Me. 139; Abbot v. Holway, 72 Me. 298; Jenkins
v. Adock, 27 S. W. Rep. 21–23; Cains v. Jones, 5 Yerg.
(Tenn.) 249–254; Jones on Law of Real Property in Con-
veyancing, sec. 1, p. 32; Oates v. Oates, 135 Ind. 272; Wil-
son v. Correcco, 140 Ind. 533; Johnson v. Hines, 31 Ga.
720–727; White v. Hopkins, 80 Ga. 154–157; Golding v.
Golding, 24 Ala. 122–123–126; Rawlins v. McRoberts, 95
Ky. 346; Phillips v. Thomas Lumber Co., 94 Ky. 445; Spencer
v. Robbins, 106 Ind. 580; Well v. Well, 30 Miss. 92; Shackle-
ton v. Sebre, 86 Ill. 617; Dismukes v. Parrott, 56 Ga. 513;
Graves v. Atwood, 52 Conn. 512; Youngblood v. Youngblood,
74 Ga. 617; Love v. Blauer, 59 Pac. Rep. 1059–61; Brown v.
Mattocks,.103 Pa. St. 16–17.

VI.   The instrument is a deed, for it uses language which
creates a vested remainder, and a vested remainder subject
to a divesting contingency has, until the contingency hap-
pens, all the incidents of an indefeasible interest.   There was
a person in esse who, upon the death of the grantor, imme-
diately became vested with the whole estate.   (20 Am. & Eng.
Ency. Law, 854, note 1–2; Watson v. Cressy, 79 Me. 383;
Wainwright v. Sawyer, 150 Mass. 168; Loufburrow v. Koch,
75 Ga. 448; Mercantile Bank v. Ballard, 83 Ky. 481; Gen.
Stats. Nev. 2611–2613.)

Trenmor Coffin and D. W. Virgin, for Respondents:

I.   The question to be determined is whether or not the
document in question is a deed irrevocable, or a document
testamentary and revocable in nature and character.   If it was
revocable, it is a fact in this case which seems to be ignored
by counsel for appellants that it was in terms revoked by the
subsequent will of Samuel Singleton, deceased, which has
been heretofore admitted to probate and under which these
proceedings are had.

II.   The probated will referred in terms to this alleged
deed, and in terms revoked it, and gave all of the property of
the testator to his wife for life, and then to his sister, the
executrix of his will, the respondent herein.

III.   A document which is a deed in form is testamentary
in its nature and character, if by its terms it is to take

effect only upon the death of the party executing it. Such a document or deed may be revoked during the lifetime of the maker. (*Habergam* v. *Vincent*, (1793) 2 Ves. Jr. 204–238; *Turner* v. *Scot*, (1867) 51 Pa. St. 126, 130–34; *Fredrick's Appeal*, 52 Pa. St. 338; *Frew* v. *Clark*, 80 Pa. St. 170; *Hester* v. *Young*, (1847) 2 Ga. 31-2-51; *Robinson* v. *Schly*, 6 Ga. 516, 527; *Symmes* v. *Arnold*, 10 Ga. 506, 508–9; *Sperber* v. *Balster*, 66 Ga. 317; *Shepherd* v. *Nabors*, (1844) 6 Ala. 631-2, 636; *Crocker* v. *Smith*, (1891) 94 Ala. 295–6; *Carleton* v. *Cameron*, (1880) 54 Tex. 72, 38 Am. Rep. 620–21, notes and authorities 621–2; *Carey* v. *Denis*, (1858) 13 Md. 1, 16–17; *Cover* v. *Stem*, (1887) 67 Md. 449, 453; *Sartor* v. *Sartor*, (1861) 39 Miss. 760–61, 771–2; *Burlington University* v. *Barret*, (1867) 22 Iowa, 60, 72–4, 92 Am. Dec. 316, 381–2, also extended notes and authorities pp. 383–89; *Leaver* v. *Causs*, 62 Iowa, 314; *Will of Belcher*, (1872) 66 N. C. 51–2. 53–4; *Reed* v. *Hazelton*, (1887) 37 Kan. 321–2; *Hazelton* v. *Reed*, 46 Kan. 73, 7 Am. Prob. Rep. 268; *Armstrong* v. *Armstrong*, 4 Baxt. (Tenn.) 357, 1 Am. Prob. Rep. 206, notes, 208–10; *Lautenschlager* v. *Lautenschlager*, (1890) 80 Mich. 285; *Massy* v. *Huntington*, (1886) 118 Ill. 80, 89; *Nichols* v. *Emery*, (1895) 109 Cal. 324, 329-32; *Rawlings* v. *McRoberts*, 95 Ky. 346–52; 29 Am. & Eng. Ency. Law, "Wills," pp. 138–144, "Deeds in form held testamentary in character," pp. 145–149, and authorities cited; same Ency. 2d ed. vol. 9, p. 91, "Deeds," and notes and authorities.)

IV. By an almost universal current of authority and decision in the various states, a warranty deed, or a document in the form of a warranty deed, expressing a valuable consideration which, by its terms, is made to take effect at the death of the maker, although testamentary in its character, if allowed to stand unrevoked until the maker's death, has been held to be the equivalent of a covenant to stand seized to the use of the grantee, under the statute of uses of 27 Henry VIII (A. D. 1536), which is generally held to be part of the common law of this country. (1 Nev. 40; 17 Nev. 124.) Such warranty deed as a covenant to stand seized to the use of another, has also, with but few exceptions, if unrevoked, been held to pass a fee simple title to the grantee upon the death of the maker. (*Jackson* v. *Wood*, 20 Johns. (N. Y.) 85;

*Wallis* v. *Wallis*, 4 Mass. 135, 372; *Wyman* v. *Brown*, 50 Me. 139, 151; *Turner* v. *Scot*, 51 Pa. St. 126, 132.)

V.  The alleged deed in question was not a warranty deed, nor even a bargain and sale deed, and was not allowed to stand unrevoked until the death of Mr. Singleton, thereby taking the case out of the line of decisions cited by appellant.

VI.  In the following cases, among others cited by counsel for the administrator and heirs of Rebecca Singleton, the documents, or instruments, or deeds under consideration were warranty deeds in form, expressing a valuable consideration, with no attempt at revocation during the lifetime of the maker:  6 Ark. 109; 50 Ark. 367, 371; 4 Mass. 135; 86 Ill. 616; 72 Me. 298, 299–300; 1 Rich. L. (S. C.) 166; 5 Rich. L. (S. C.) 189, 191; 114 Ind. 179–80; 135 Ind. 272, 274; 140 Ind. 533–4; 56 Ga. 513; 80 Ga. 155–6; 20 Johns. (N. Y.) 85; 24 Ala. 122–3, 125; 52 Conn. 512; 33 N. H. 18, 21; 95 Ky. 348. The two lines of decisions above cited seem to have run a course of parallel consistency for near a century without the slightest consciousness on the part of the able judges who rendered them that they were making decisions in any way inconsistent, or in conflict with each other.

VII.  We submit that, upon all of the foregoing authorities, the document set out in the objections to final distribution herein as prayed was testamentary in character, subject to revocation, and was revoked by the subsequent last will and testament of Samuel Singleton, which expressed his last intentions and will as to the disposition of his property after death, and which has now become final and conclusive by its admission to probate by this court.

By the Court, BELKNAP, J.:

Ten years before his death, Samuel Singleton executed a writing in the form of a deed purporting to convey all his real and personal property to his wife.  Afterwards he made a will bequeathing his property to his wife for life, and upon her death to his sister, Agnes Scossa, the executrix.  Singleton died in November, 1898.  His wife died a week later. Upon the settlement of the final report of the executrix, a contention arose as to the construction to be given to the deed.  The executrix claimed that she was entitled to the

property, for the reason that the writing is testamentary in character, and revocable, and was revoked by the subsequent will, and that upon the death of Mrs. Singleton she became sole distributee. The heirs of the wife claimed under the deed. The district court sustained the contention of the executrix, and the heirs of Mrs. Singleton have appealed.

This statement of facts shows that there is a controversy in the probate court between the executrix of the above-named estate and the heirs of Mrs. Singleton claiming adversely to the estate of Samuel Singleton.

The merits of the controversy have been twice argued upon this appeal, but no question made by counsel upon either side touching the jurisdiction of the district court in a probate proceeding upon an issue of title.

After the submission of the second argument, and during our investigation of the case, the question of jurisdiction was suggested by a member of the court. The inquiry should be pursued by the court of its own motion, if not otherwise presented.

It is a familiar doctrine of the law that want of jurisdiction by the court will render its judgments unavailable for any purpose; and, when a court is satisfied that it has not jurisdiction, it should proceed no further with the case.

It is well established that the jurisdiction of probate courts does not extend to controversies between the estate and third persons not claiming under such estate or as creditors of it.

"Questions of title to such estate—for example, arising not under a claim to receive it in the distribution of the estate, but adversely to such estate—do not fall within the jurisdiction of a probate court, nor can it determine the rights of strangers to property in the course of administration." (Works, Courts & Jur. p. 441.)

"Since the functions of probate courts are limited, in respect of executors and administrators, to the control of the devolution of property upon the death of its owner, it is not their province to adjudicate upon collateral questions. The right or title of the decedent to property claimed by the executor or administrator against third persons, or by third persons against him, as well as claims of third persons against creditors, heirs, legatees, devisees, or distributees, must, if an

adjudication becomes necessary, be tried in courts of general jurisdiction, unless such jurisdiction be expressly conferred on probate courts." (1 Woerner, Admn. 151.)

In *Stewart* v. *Lohr*, 1 Wash. St. 341, it was decided that the probate court had no jurisdiction to try the title to real estate as between the representatives of an estate and the husband of the decedent, when the latter claims an interest adverse thereto. The court said: "The person claiming adversely to the estate was the husband of the deceased party, and it appears that this fact was thought to affect the question. We, however, do not think so; for, while it is true that the probate court has jurisdiction to determine the claims to property as between those interested in the estate, this authority only goes to the extent of determining their relative interests as derived from the estate, and not to an interest claimed adversely thereto. In the case before us the husband, though interested in the estate of his deceased wife, was, so far as the claim he was attempting to assert, an entire stranger thereto. * * * The probate court had no jurisdiction of the subject-matter of the action, from which it follows that the higher courts could get no jurisdiction on appeal."

In *Re Burton's Estate*, 64 Cal. 428, which was an appeal from an order setting apart a homestead, the appellants opposed the application upon the ground that they were the owners of the property. It was determined that the superior court, sitting as a court of probate, had no jurisdiction to try title between adverse claimants. See, also, *In re Kimberly's Estate*, 97 Cal. 281; *In re Haas' Estate*, 97 Cal. 232; *In re Bolander's Estate*, (Or.) 63 Pac. 689.

Our statute regulating the settlement of the estates of deceased persons confers no jurisdiction upon probate courts to adjudicate disputed rights against an estate. Title must be tried in another forum.

The appeal should be dismissed.

It is so ordered.