STATE EX REL. WERNA TOLLER, APPELLANT, v. CLARENCE E. ENNIS, RESPONDENT.*

Kansas City Court of Appeals. April 2, 1928.

*Corpus Juris-Cyc References: Executors and Administrators, 23CJ, section 423, p. 1190, n. 3; section 424, p. 1191, n. 19; 24CJ, section 1317, p. 487, n. 34; section 2343, p. 949, n. 69; section 2482, p. 1027, n. 86; section 2610, p. 1089, n. 31.

*Ed. E. Aleshire* and *V. E. Phillips* for appellant.

*Stewart Taylor* for respondent.

FRANK, C.—Action on administrator's bond by Werna Toller to recover the amount alleged to be due her as her distributive share of the estate of Katie E. Howard, deceased. By agreement of the parties a jury was waived and the cause tried to the court. At the close of plaintiff's evidence, appellant's demurrer thereto was sustained and judgment rendered for defendants. Plaintiff appealed.

Katie E. Howard died intestate in Kansas City, Missouri, on February 2, 1915, and left surviving her as her only heirs, plaintiff Werna Toller and defendants Mrs. Ennis, Mrs. Freeland and Mrs. McFarland, all daughters of deceased. Letters of administration were granted to Clarence E. Ennis and W. E. McFarland, who duly qualified as administrators of said estate, and on December 4, 1916, executed an administrator's bond in the sum of $7200 which was approved by the court.

The administrators duly published a notice that final settlement of said estate would be made on February 18, 1918. On this date a final settlement of said estate was filed in the probate court showing a balance of $3747.04 due said estate. This settlement recited that one-fourth of said amount or $936.76 was due each of the heirs including plaintiff. The settlement also recited that the administrator held, as an asset of the estate a note executed by plaintiff to decedent and that the sum of $1399.93 and interest was due on said note, and prayed an order of the court authorizing the administrator to credit said note with the distributive share of the estate due plaintiff.

No order was made on this settlement at the time it was filed.

On April 25, 1919, the following order was made by the probate court.

"On this day comes the parties and the motion of said administrator filed herein July 2, 1918, coming on for hearing, said motion being a request for said administrator for authority to credit $936.76, due Werna Toller from said estate on the $3850 note executed by said Werna Toller to said Katie E. Howard on which there appears to be due and unpaid a balance of $1200, and the court having heard the evidence in relation to said motion, orders the same be and is overruled."

The administrators appealed from the order overruling said motion, and on July 16, 1920, the circuit court dismissed said appeal on the ground that the order of the probate court overruling the motion of the administrators was not a final judgment from which an appeal

would lie. On August 23, 1919, the final settlement filed by the administrators on February 18, 1918, was taken up and considered by the probate court and the following order was written on said settlement:

"Ordered to credit shares with indebtedness as prayed. On account of pending litigation this settlement approved as an annual.

"August 23, 1919."

On the same day an order was duly entered of record which recited that on account of pending litigation said settlement was approved as an annual settlement.

Nothing further was done in the probate court until March 7, 1921. On this date the administrators, filed in the probate court what they denominated a supplemental final settlement. No notice of intention to file this settlement was given other than the notice heretofore mentioned which was given in February, 1918. This supplemental final settlement showed a balance of $3747.04 from the last settlement. It also showed a credit of $600 paid to Mrs. Freeland and $709.93 each to Mrs. McFarland and Mrs. Ennis as a part of their distributive shares of said estate. Other items of credit appeared, leaving a balance of $1521.30 due the estate.

This settlement recited that there was a balance of $1399.93 and interest due and unpaid on Werna Toller's note which was inventoried as an asset of the estate, and asked that said note be credited with the distributive share of said Werna Toller. The settlement further recited that all debts of the estate were paid and asked for a final order of distribution. The probate court made the following order on said settlement:

"Comes administrators and files herein their supplemental final settlement of said estate, and the court finds that said estate has been fully administered, and that due and legal notice of said settlement has been given; that all costs herein have been paid, and the said administrators have remaining in their hands belonging to said estate $1521.31. Thereupon said settlement is by the court approved and ordered spread upon the record and that said administrators be charged and credited therewith and further ordered that said administrators pay over said balance in their hands to the parties entitled thereto, and on filing proper receipts therefor to stand fully and finally discharged."

On May 10, 1921, the administrators filed in the probate court final receipts of Mrs. Ennis, Mrs. Freeland and Mrs. McFarland showing that they had each received their distributive share of the estate. The administrator also filed the note of Werna Toller credited with the amount of her distributive share of the estate.

Appellant's contention is that the court erred in sustaining defendant's demurrer to the evidence and rendering judgment for defendant.

In support of this contention appellant insists that the order made by the probate court on April 25, 1919, overruling the motion of the administrator requesting authority to credit plaintiff's note to deceased with the amount of her distributive share of the estate, was a final adjudication that said note had been paid.

We do not regard the order of the probate court overruling this motion as a final judgment of the court finding that plaintiff's note had been paid. If we should hold that the rights of the parties in and to this note could be finally determined on a mere motion in the probate court, such holding would in effect be a declaration that probate courts may entertain jurisdiction of independent suits on demands due an estate in course of administration. Probate courts have no such jurisdiction.

A note due an estate from a distributee is an asset of the estate in the hands of the administrator, who is charged with the duty of collecting it. Such a demand may be collected in either of two ways. The administrator may bring an independent action thereon in a court having jurisdiction thereof, or he may deduct the amount of such demand from the heirs' distributive share of the estate and tender to the probate court his final settlement on that basis. The probate court may either approve or disapprove the act of the administrator in deducting the same and make final order of distribution in accordance with its findings, from which the aggrieved party may appeal. A distributee who is indebted to the estate is not entitled to receive his distributive share without first deducting therefrom his indebtedness to the estate. This principle of law is well stated in Leitman's Executor v. Leitman, 149 Mo. 112, 120:

"In other words the legatee or distributee in such cases seeks to obtain a portion of the fund which the testator or the letters of administration have placed in the hands of the executor or administrator to pay debts and legacies or distributive shares; while such legatee or distributee is himself a debtor to the estate, and by withholding payment, diminishes the fund to that extent. And it is against conscience that he should receive anything out of the fund without deducting therefrom the amount of that fund which is already in his hands as a debtor to the estate.

"In his work on the American Law of Administration (2 Ed.), sec. 564, Woerner lays down the rule to be: "The indebtedness of a legatee or distributee constitutes assets of the estate, which it is the executor's or administrator's duty to collect for the benefit of creditors, legatees, and distributees. Hence such indebtedness may be deducted from any legacy or distributive share of the debtor. . . . And where the doctrine of retainer is recognized, the executor or administrator may retain against a legatee or distributee, or the assignee or transferee of such, for any debt due to the deceased, or to the executor or administrator in his fiduciary character. The right of set-off exists

whether the legatee or distributee was indebted to the deceased before his death, or contracted a liability to the estate thereafter.''

The same rule is announced in In re Excelsior Assignment, 164 Mo. 1. c. 330, and Trabue v. Henderson, 180 Mo. 1. c. 625.

Appellant's next contention is that the supplemental final settlement filed in the probate court on March 7, 1921, is not effective as a final settlement because made without notice.

The law is well settled that a purported final settlement made without notice does not have the force and effect of a final settlement. [State ex rel. v. Holtcamp, 266 Mo. 347, 368, 181 S. W. 1007.]

The facts in this case are that the administrators gave due notice that final settlement of said estate would be made on February 18, 1918. A purported final settlement was filed on that date, but on account of pending litigation the probate court by order duly entered of record approved said settlement as an annual settlement. After the pending litigation was disposed of, the administrators, on March 7, 1921, without giving any other or further notice, made and filed what they denominated a supplemental final settlement showing the amount due each heir, naming them, and requesting that plaintiff's distributive share be credited on the note which she owed the estate. The probate court found that due notice of final settlement had been given; that all debts of the estate were paid and that the estate was fully administered. The court then by order of record approved said settlement and further ordered the administrators to pay the balance in their hands to the parties entitled thereto, and on filing proper receipts therefor to stand fully and finally discharged.

Acting on this order, the administrators credited plaintiff's note with the amount of her distributive share of the estate and paid the money in their hands to the other three heirs and filed their final receipt therefor.

Respondent contends that the final settlement filed on February 18, 1918, pursuant to notice duly published, was continued from term to term thereafter and for that reason no other or further notice was necessary. The record does not so show. During the progress of the trial counsel stated that the final settlement was continued from term to term, but no such record was offered in evidence.

The purpose of the law in requiring an administrator to give notice of intention to make final settlement is to give interested parties an opportunity to appear, examine the accounts of the administrator and if necessary, take steps to protect their interests.

The final settlement filed on February 18, 1918, pursuant to the only notice that was given, was later approved as an annual settlement on August 23, 1919. The order approving it as an annual settlement was notice to interested parties that it was not a final settlement and that the court did not so consider it. When approved, it had per-

formed its function as an annual settlement and could not be thereafter used as a basis for the making of a supplemental final settlement and order of distribution without notice.

We must, therefore, hold that the supplemental final settlement and order of distribution made on March 7, 1921, was not effective as a final settlement and was not binding on plaintiff as such, because made without notice.

It does not follow, however, that plaintiff is not entitled to maintain this suit because no final settlement was made. It was formerly held in this State that an order of distribution was a necessary prerequisite to a suit on an administrator's bond, but it is now well settled that in cases where all debts of the estate are paid and the estate is fully administered, and nothing remains to be done except distribute the balance remaining in the hands of the administrator to the parties entitled thereto, an heir may maintain a suit on the administrator's bond without an order of distribution. [State v. Fidelity and Deposit Company, 298 S. W. 83, and cases cited.] Such is the situation in the case at bar. The record shows that all debts of the estate have been paid; that the time for filing claims has expired and the estate is fully administered.

We, therefore, hold that plaintiff is entitled to maintain this action although the order of distribution made by the probate court was void as such, because made without notice. The evidence offered by plaintiff was sufficient to warrant the submission of the case to the jury and the court erred in sustaining defendant's demurrer thereto, for which error the judgment herein must be reversed and cause remanded.

A notice might yet be published and final settlement made, in which proceedings the question of plaintiff's liability on the note in question could be properly determined.

Judgment reversed and cause remanded. *Williams, C.*, concurs.

PER CURIAM:—The foregoing opinion by FRANK, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.*, absent.