HERBERT E. NELSON, ADMINISTRATOR, APPELLEE, V. EILERT JANSSEN ET AL., APPELLANTS.

14 N. W. 2d 662

FILED JUNE 2, 1944. No. 31756.

*F. L. Carrico*, for appellants.

*Bruckman & Dunmire, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

MESSMORE, J.

The administrator of the estate of John Janssen, deceased, originally instituted this action in the county court. The pleadings in the county court are not in the transcript. The administrator's petition, filed in the district court, in so far as it need be considered here, is in substance as follows:

John Janssen, single, departed this life March 1, 1942, leaving two brothers, a sister, nephews and nieces as his heirs at law, to share in real and personal property constituting his estate. The administrator came into possession of a note dated March 1, 1932, due March 1, 1933, bearing 5 per cent interest, signed by Eilert Janssen, a brother of deceased, and Eilert's wife Anna. The endorsements on the note show interest paid for 1932, 1933, 1934 and 1936. The note is a binding legal obligation and, as such, should be taken into consideration as an asset of the estate and accordingly adjusted and deducted or offset from the share of Eilert Janssen in the distribution of the estate. The execution and delivery of the note are admitted, as well as the payments of interest endorsed. The prayer asks the court to enter a decree finding the amount, represented by the note, constitutes an indebtedness due and that the administrator be ordered and directed to adjust, deduct and offset the same against the distributive portion of Eilert Janssen from the estate, and to certify the decree to the county court.

The defendants' answer admits the allegations of the petition relating to John Janssen's death, his estate and his heirs, and the appointment of the administrator; denies all other allegations of the petition, and alleges affirmatively that defendants deny that the note, set forth in plaintiff's petition, represents any indebtedness on the part of the defendants to said estate, but alleges the facts to be that in 1939 John Janssen sought and obtained from the defendants a new note in payment of the note pleaded in plaintiff's petition; that the new note was for the sum of $1,500, executed by defendants at John Janssen's request and delivered to him for the purpose of, and in payment of, the note as pleaded in plaintiff's petition; that the last referred to note was not delivered to defendants but was canceled by verbal agreement; that the failure to return the note was by neglect and oversight, it being in an old trunk where it was at the time of the execution of the new note. The defendants further allege that in 1941 John Janssen came to their home, recounted many favors, kind deeds done and

labor performed, by Anna Janssen, and gave to her the note, then representing the indebtedness, saying that it canceled the obligation of Eilert Janssen and herself; that it constituted a gift to her. The answer prayed a dismissal of the plaintiff's petition. The reply was a general denial of the new matter contained in the answer.

Jury was waived and trial had to the court. The court granted the prayer of the petition and rendered a general judgment for the plaintiff and against the defendants in the sum of $1,991.25, with interest at 6 per cent per annum, and certified the judgment to the county court. Defendants appeal from this judgment, and assign as error that the trial court erred in finding the amount due on the note in question.

It is established in most jurisdictions that an administrator may ask the county court for instructions as to his conduct with respect to various matters relating to the administration of the estate, where there is room for doubt as to his duties or as to the policy that should be pursued, and in a suit by a personal representative for advice a considerable latitude may be properly allowed in giving scope to the questions propounded, where to do so places no unfair burden upon the parties and they have not been in any way misled as to the issues to be presented to the court. See 21 Am. Jur. 492, sec. 214.

In the present action, the case is one wherein the right of retainer is involved. This court has said that the right rests on broad principles of equity. *First Trust Co. v. Cornell*, 114 Neb. 126, 206 N. W. 749; *Stanton v. Stanton*, 134 Neb. 660, 279 N. W. 336. See, also, *Oxsheer v. Nave*, 90 Tex. 568, 40 S. W. 7, 37 L. R. A. 98.

The right of an administrator to retain a distributive share from a debtor to the estate, and apply it to his indebtedness, "has long been recognized by the law as existing without any statute. It is not the technical right of set-off in actions at law. * * * It is an equitable right of its own nature, and not at all dependent upon any statute. It is the plain moral as well as legal duty of the debtor to pay his

debt to the estate. He has had the value from the estate. He ought in morals and law to restore it." *Webb v. Fuller,* 85 Me. 443, 27 Atl. 346, 22 L. R. A. 177; Annotation, 1 A. L. R. 993. See, also, *Stanton v. Stanton, supra; Lester v. Toole,* 20 Ga. App. 381, 93 S. E. 55. The weight of authority is to the effect that the right may be asserted in a court of probate; in this state, it is the county court, which court has exclusive and original jurisdiction over the probate of wills and administration of estates. Const. art. V, sec. 16; Comp. St. 1929, sec. 27-503; *In re Estate of Lietman,* 149 Mo. 112, 50 S. W. 307; *Stenson v. H. S. Halvorson Co.,* 28 N. Dak. 151, 147 N. W. 800; Annotation, 1 A. L. R. 998.

The right to inquire into and determine the indebtedness of the distributee of an estate and to order a reduction of the same from his share is an incident to the authority of the court to make settlement and distribution of a decedent's estate. *Stenson v. H. S. Halvorson Co., supra;* 34 C. J. S. 390, sec. 494. There is no dissent from the proposition that the indebtedness of a distributee to the estate of his intestate may be set off against his distributive share of his personal property. *Boden v. Mier,* 71 Neb. 191, 98 N. W. 701; Annotation, 1 A. L. R. 1013. The result follows, regardless of what theory of this "right of retainer" may be adopted, since the personal estate descends to the administrator in cases of intestacy and he has the funds in hand.

The right of retainer carries with it the right to retain interest; the majority rule, which this court adopts, being that the interest should be computed up to the time of settlement. See Annotation, 1 A. L. R. 1011, and cases cited.

So, in this state in cases of this kind, the foregoing authorities are applicable, and an heir at law, owing the estate a debt, is required, when the matter is properly presented, to have the debt offset against his distributive share. The judgment of the trial court, in conformity with the pleadings, was proper, to determine the past-due note as an asset of the estate of John Janssen, deceased, and that the note should be adjusted or deducted from the proportionate share of Eilert Janssen in the John Janssen estate, and

that the case should be remanded to the county court for such purpose. The entry of the general judgment was erroneous. However, under the doctrine which applies to the instant case, the administrator is not required to first reduce the note to judgment in a separate action.

This court, in *Stanton v. Stanton, supra,* has held: "The debt of a devisee to the testator cannot be retained from or charged on the lands devised to him in the absence of language in the will making such debt a charge." Therefore, in this state, the doctrine of retainer does not apply to an heir's interest in real estate.

The foregoing disposes of defendants' first assignment of error.

The defendants assign as error rulings of the trial court in refusing the admissibility of evidence offered by them, relating to transactions and conversations had with the deceased. Their contention is that when the administrator testified to the promissory note and computed the interest on it as to what constituted the indebtedness, then, under section 20-1202, Comp. St. 1929, the bars were down, and the defendants had the right to offer any and all of the transactions or conversations had, touching upon the indebtedness.

The administrator identified the note that he found in a trunk belonging to the deceased at the Eilert Janssen home and computed the interest thereon, and that was, substantially, his testimony bearing upon the transaction. The defendants, having a direct legal interest in this civil action and proceeding, testified to a new note, executed and delivered by them to John Janssen in 1941, which they claim was in payment of the note pleaded in the plaintiff's petition; that the first note remained in the trunk and, through neglect or oversight, was not delivered to the defendants. They further testified to conversations had with John Janssen, wherein he told them that, on account of the services rendered him by Anna, Eilert's indebtedness was canceled; that he brought the new note over to their home, gave it to Anna and she destroyed it by burning it. There was no

evidence offered by the administrator with reference to the new note, or the cancellation of the indebtedness, or the services rendered by the defendants for which the deceased had orally agreed that their indebtedness was canceled. The statute involved is:

"No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness, unless the evidence of the deceased person shall have been taken and read in evidence by the adverse party in regard to such transaction or conversation or unless such representative shall have introduced a witness who shall have testified in regard to such transaction or conversation, in which case the person having such direct legal interest may be examined in regard to the facts testified to by such deceased person or such witness, but shall not be permitted to further testify in regard to such transaction or conversation." Comp. St. 1929, sec. 20-1202.

Under the statute in question one of the requisites to the admission of testimony is: Such representative shall have introduced a witness who shall have testified regarding such transaction or conversation. In the instant case, the administrator introduced no witness who testified to the conversation or transaction which constituted the defense. At no time did the plaintiff introduce any part of the controverted evidence, and consequently the defendants are not in a position to take advantage of the exception created by the statute. The condition precedent, created by the statute, does not appear in the record. See *Mills v. Mills,* 130 Neb. 881, 266 N. W. 759. A transaction or conversation, within the meaning of the statute, is an action participated in by witness and decedent and to which the decedent could testify of his own personal knowledge, if alive. *Hlavaty v. Blair,* 101 Neb. 414, 163 N. W. 330.

The testimony offered by defendants called for conversations and transactions that they had with the deceased, and

to which the deceased could have testified, had he been alive, and such testimony was therefore incompetent. The testimony was in conformity with defendants' affirmative defense. The distinction between what the administrator testified to and what the defendants sought to testify to is apparent. If the rule, as contended for by the defendants, should prevail, then a personal representative of a deceased person in an action involving a promissory note would not be privileged to identify a note found among the assets of the estate. Such was not the legislative intent in passing the law, and there are no authorities in this state that go to the length as contended for by the defendants. The exception granted by the statute, contended for by defendants, is not here existent, and defendants' testimony was properly rejected.

The defendants have failed to prove by a preponderance of the evidence that they rendered certain services, as pleaded affirmatively in their answer. The record discloses that Eilert's wife Anna, who claimed to have performed the services, testified that she did little after a niece arrived some 20 years ago to take over the household duties for John Janssen. In this part of their defense, defendants have failed.

For the reasons given in this opinion, the judgment of the trial court, in rendering a general judgment, is reversed. That part of the judgment finding the promissory note to be an asset of the estate, requiring an adjustment to be made thereon, that the same constitutes an indebtedness owing by Eilert Janssen, one of the makers and an heir, and that such indebtedness shall be deducted from his distributive share of the personal property of the estate and the cause remanded to the county court for that purpose, is affirmed.

AFFIRMED IN PART AND REVERSED IN PART.