For the reasons heretofore stated, the judgment of the trial court is affirmed.

AFFIRMED.

IN RE ESTATE OF REES WILLIAMS, W. H. THOMAS ET AL., APPELLEES, V. ELIZABETH PARRY, APPELLANT.

26 N. W. 2d 847

Filed April 4, 1947. No: 32214.

*Wagner & Wagner,* for appellees.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

Appellant, Elizabeth Parry, appeals from an order of the district court for Platte County directing the appellees, the legal representatives of, the estate of Rees Williams, deceased, to retain certain amounts out of the bequests made to her in the will of the deceased.

This action had its inception when Vivian Parry Thompson filed her claim in the estate of Rees Williams, deceased, in the county court of Platte County. The claim was based on a $1,200 note made by Rees Williams.

The legal representatives objected to the allowance of this claim and included in their objections a statement of the history of the indebtedness. They then alleged that the obligation, if any, on the claim filed was the original debt of Elizabeth Parry and prayed that if the court found the estate to be liable that the bequest to Elizabeth Parry be retained and charged to the extent of the estate's liability on the claim.

Elizabeth Parry was notified of these proceedings by letter. She thereupon filed objections, special appearances, demurrer, and an answer, all of which raise the question of the court's jurisdiction. Her objections and answer also deny any liability on the indebtedness.

After a hearing the county court allowed the claim of

Vivian Parry Thompson in the sum of $1,656.33 with interest at six percent from August 10, 1945; found that Elizabeth Parry was primarily liable on said indebtedness and that the estate was secondarily liable; and ordered the legal representatives to retain from the bequests to Elizabeth Parry the full amount of the claim as allowed. Elizabeth Parry thereupon appealed to the district court for Platte County. No appeal was taken from the allowance of the claim.

The district court affirmed the county court and directed that the legal representatives retain out of the bequests to Elizabeth Parry the amount by them paid to Vivian Parry Thompson on her claim allowed in the sum of $1,656.33 with interest at six percent. Her motion for new trial having been overruled, Elizabeth Parry appeals to this court.

Elizabeth Parry will herein be referred to as appellant and the legal representatives of the estate of Rees Williams, deceased, as appellees.

Rees Williams died testate on December 6, 1944. He was at the time of his death a resident of Platte County wherein his will has been duly allowed and admitted to probate. This will bequeathed to the appellant amounts in excess of the claim here involved. The estate is fully solvent and has assets sufficient to pay the claim of Vivian Parry Thompson.

The appellant contends the county court had no jurisdiction of the action because the issue involved is whether appellant was indebted to the estate and the amount exceeds $1,000. Also, that the court erred in not requiring the legal representatives of the estate to pursue the ordinary legal remedies for the collection of a debt in a court of competent jurisdiction, thereby permitting the issue of liability to be tried to a jury.

The present action is one involving the right of retainer. We have passed upon these questions in an action involving the right of retainer in the case of Nelson v. Janssen, 144 Neb. 811, 14 N. W. 2d 662. There-

in the amount involved exceeded $1,000. We therein held: "The right to offset an indebtedness owing by an heir to the estate and apply it to his distributive share, as far as personal property is concerned, may be properly asserted in the county court having exclusive, original jurisdiction over the administration of estates." We also held: "The right to inquire into and determine the indebtedness of a distributee of an estate, and to order a reduction of the same from his share, as far as personal property is concerned, is an incident to the authority of the court to make settlement and distribution of a decedent's estate."

And, as stated in Nelson v. Janssen, *supra:* " * * * under the doctrine which applies to the instant case, the administrator is not required to first reduce the note to judgment in a separate action."

The appellant further contends that the court erred in holding that Elizabeth Parry was indebted to the estate of Rees Williams, deceased. The record discloses the following:

Robert O. Parry died in France on October 15, 1918, during World War I leaving a $10,000 policy of War Risk Insurance of which he had made his five-year-old sister, Vivian Parry, born October 22, 1913, the beneficiary. On March 8, 1919, the appellant filed her petition in the county court of Platte County asking that she be appointed guardian of her minor daughter, Vivian Parry. She was appointed and qualified. This insurance was payable at the rate of $57.50 per month.

By March 3, 1931, there had accumulated in the guardianship a net of $8,227 as is evidenced by her report. Of this amount the appellant had used the sum of $4,600. This is shown in the report by her note and mortgage.

Apparently appellant's husband died intestate sometime prior to 1930 leaving an estate which included real property. This real property, or at least part thereof, was being partitioned. Of the land being partitioned, the ward, Vivian Parry, who was then 17 years of age,

wished to purchase the 80 acres described as the south half of the northwest quarter of Section 25, Township 19 North, Range 3 West of the 6th P. M. in Platte County. To accomplish this purpose she induced her uncle, Rees Williams, to buy it for her at a price of $8,800. She intended to pay for it by using the money in the guardianship. Because appellant had used $4,600 of the funds, as evidenced by her note and mortgage, she was unable to turn over all the funds in cash.

It is also apparent that the representatives of the Veterans Administration were at this time critical of appellant's handling of the ward's funds and seeking to have her resign. The reason for their interest was because of the source of the funds.

Rees Williams, in order to carry out the purchase of the 80 acres for the ward, borrowed $4,000 thereon and took from appellant her $4,000 note and mortgage. He took this note and mortgage with the understanding that he would place it in the guardianship with his guaranty. He had to make this guaranty in order to satisfy the county court and representatives of the Veterans Administration and to get them to approve this note and mortgage as an asset of the guardianship estate.

This $4,000 note was dated March 2, 1931, and due March 1, 1936, and signed by Elizabeth Parry and her two sons, Watkin Parry and Reese Parry, and payable to Rees Williams. It was secured by a mortgage on the interests of the signers in and to the southwest quarter of Section 25, Township 19 North, Range 3 West of the 6th P. M. in Platte County subject to a prior mortgage of $4,500 to Speice-Echols-Boettcher Company. The interests of these parties, as far as the record shows, was: Appellant a life estate plus a one-third of the fee and each of the sons a two twenty-sevenths interest in the fee.

Appellant then filed her resignation and asked that her brother, Rees Williams, be appointed guardian of the minor ward, Vivian Parry. The resignation was ac-

cepted and Rees Williams was appointed and qualified. The court charged appellant with $8,227 and Rees Williams acknowledged the receipt thereof from appellant and released her from all liability for said moneys.

Pursuant to his agreement and understanding with the appellant, the representative of the Veterans Administration, and the county court, Rees Williams carried the $4,000 note and mortgage in the guardianship with his personal guaranty thereof. As stated in one of his reports: " * * * I hold a mortgage against Elizabeth Parry, Watkin Parry and Rees Parry * * * for $4000.00 * * *. The latter is protected by my guarranty, * * *."

Vivian Parry was married on September 6, 1932, and became Vivian Parry Thompson. On January 14, 1933, she signed a receipt wherein she acknowledged she had "Received from Rees Williams, guardian of my property, a note of $4000.00 secured by real estate mortgage, * * *."

On January 16, 1933, the guardian filed his final report stating he had made settlement with the ward and accounted to her for the $4,000 note secured by a real estate mortgage.

The court thereupon discharged the guardian and entered an order which contained the following: "It is therefore considered, adjudged and decreed. * * * that * * * the guardian and his bondsman released from further liability in the premises."

The $4,000 note was assigned by the following endorsement: "This note is hereby assigned to Vivian Parry Thompson under order of the County Court of Platte County, Nebraska, in the Matter of the Guardianship of Vivian Parry. Rees Williams Guardian of her property."

The mortgage was also assigned but there was deleted from the assignment the following: " * * * without recourse or in any event or for any cause."

Subsequently the Speice-Echols-Boettcher Company foreclosed its mortgage of $4,500 on the interests on which the $4,000 mortgage was a second lien. By August

18, 1937, this foreclosure had proceeded to sale but not confirmation and had been bid in by the company for less than the amount of its lien.

On August 18, 1937, six of the Parry children, each owning an undivided two twenty-sevenths interest in the fee of the land foreclosed, being the southwest quarter of Section 25, Township 19 North, Range 3 West of the 6th P. M. in Platte County, entered into an agreement with the Speice-Echols-Boettcher Company in order to save this land and for that purpose all agreed to convey their interests to Vivian Thompson. Rees Williams was also a party to this agreement. Appellant was apparently present and had knowledge of this agreement but was not a party thereto.

This agreement contains these provisions as to the $4,000 note and mortgage:

"WHEREAS, * * * Vivian Thompson holds a second mortgage upon said land in the sum of $4,000.00, for the payment of which said Vivian Thompson claims that Rees Williams is liable to her upon his endorsement thereof, * * *

"WHEREAS, it is the intention of the parties hereto by this agreement to effect a compromise and settlement * * * of the liability of Rees Williams to Vivian Thompson * * *.

"NOW THEREFORE, IT IS AGREED by and between the parties hereto as follows: * * *

"II. Vivian Thompson will release and satisfy her second mortgage * * *

"III. Rees Williams will give a note to Vivian Thompson in the sum of $1200.00 to draw interest at five percent per annum, due July 1, 1942, in full satisfaction of his liability to her.

"IT IS FURTHER AGREED * * *

"* * * The said Vivian Thompson shall have a prior right to share to the extent of $2500.00 in the proceeds of the sale of said lands, * * *."

The agreement was carried out. The sale was con-

firmed and all parties conveyed their interests to Vivian Thompson. She released her second mortgage and refinanced the indebtedness as in the agreement provided. On January 2, 1938, Rees Williams delivered his note to Vivian Parry Thompson in the sum of $1,200 due July 1, 1942. This is the note provided for in the agreement of August 18, 1937, and the note on which the claim was filed.

The title to the land is still held by Vivian Parry Thompson under the provisions of the agreement but subject to a balance of $5,400 to $5,500 on the mortgage debt placed thereon to refinance the indebtedness, as provided in the agreement of August 18, 1937.

Nothing was ever paid on the $1,200 note. The claim has been allowed, no appeal has been taken therefrom, and the estate is solvent.

At the time of receiving this note Vivian Parry Thompson gave Rees Williams the following receipt:

"FOR A VALUABLE CONSIDERATION, I hereby release Rees Williams * * * from his liability to me by reason of his guarantee of a certain note of $4000.00, dated March 2nd, 1931 executed by Elizabeth Parry, Watkin Parry and Reese Parry * * * said note * * * having been executed in favor of said Rees Williams and by him assigned to me with payment guaranteed.

"I also acknowledge receipt of a certain note for $1200.00 executed by said Rees Williams in my favor in accordance with contract and agreement dated August 18th, 1937."

"A guaranty is a collateral undertaking by one person to answer for the payment of a debt or the performance of some contract or duty in case of the default of another person who is liable for such payment or performance in the first instance." 38 C. J. S., Guaranty, § 1, p. 1129.

"A guaranty * * * is collateral to, and made independently of, the principal contract which is guaranteed; and the guarantor's liability is secondary rather than

primary or original." 38 C. J. S., Guaranty, § 2, p. 1130.

In the first instance appellant was charged with and accountable for $8,227 of the ward's funds. In order to have her resignation accepted and be discharged she agreed with Rees Williams to give him the $4,000 note which he in turn was to include as part of the guardianship assets with his personal guaranty of payment. This was agreeable to the representative of the Veterans Administration and the county court and later approved by it. It was the basis for her settlement. Under this arrangement and their agreement the appellant was primarily and Rees Williams was secondarily liable.

When the ward married on September 6, 1932, and thereafter made settlement with the guardian there was assigned to her the note and mortgage in the manner as hereinbefore set forth. Thereby she neither waived nor lost any of her rights in and to the assets of her estate. Whatever rights accrued to her during the guardianship were hers by reason of the assignment. That included Rees Williams' guaranty of the $4,000 note. The discharge of the guardian and his release from further liability did not release him from his personal guaranty of this note.

"Where a guarantor, who has entered into a contract of guaranty at the request of, or with the consent of, the principal obligor, pays or is compelled to pay his principal's debt, the law raises an implied promise, unless there is an express one, on the part of the principal to reimburse the guarantor, and on the payment of the debt the guarantor at once has a right of action against the principal for reimbursement of the amount which he has paid, with interest thereon at the legal rate." 38 C. J. S., Guaranty, § 111, p. 1298.

"Where the guaranty is made at the principal's request or with his consent, since the principal knows the terms under which payment is to be made, and that he has not made payment, no duty rests on the guarantor to notify the principal that he has made the payments

when due." 38 C. J. S., Guaranty, § 111, p. 1300.

By virtue of the agreement of August 18, 1937, and the subsequent delivery of the $1,200 note to Vivian Parry Thompson the liability of Rees Williams on his guaranty was settled. This note was given because of the guaranty and as payment on a debt for which Rees Williams was only secondarily liable insofar as the appellant is concerned. This note has now been allowed as a claim against the estate and no appeal taken. The estate is solvent and the only duty remaining, insofar as the legal representatives are concerned, is the ministerial duty of paying it.

Appellants contend that because the statute of limitations has run against the $4,000 note that this action cannot be maintained. At the time Rees Williams executed his $1,200 note limitations had not run on the $4,000 note. Pursuant to the agreement of August 18, 1937, the $1,200 note was given to settle his guaranty of the $4,000 note and in satisfaction thereof. The relationship between Rees Williams and appellant as to the indebtedness evidenced by the $1,200 note is one of secondary and primary liability. To the extent of whatever he has to pay on the $1,200 note Rees Williams is secondarily liable for this note was given in settlement of his liability as a guarantor. No statute of limitations has run thereon but even if it had it would not be applicable under the doctrine of retainer. Fischer v. Wilhelm, 139 Neb. 583, 298 N. W. 126.

Appellant further contends that because the record fails to show that the appellees have actually paid the claim that this proceeding is premature. She contends that a guarantor cannot maintain an action against one primarily liable until he has actually paid. Here the claim has been allowed, no appeal taken, and the estate solvent. The only duty remaining is for the appellees to pay. While the principle contended for has its proper application, when the facts so justify; however, we do not think it should be applied here. The principle of

retainer rests upon the broad principles of equity. Nelson v. Janssen, *supra*. Where, as here, a court dealing in equity has the property under its jurisdiction, it has the power to direct its application in order to carry out justice. The mere failure of the legal representatives to carry out a ministerial duty will not be permitted to prevent such application when the rights of the parties have been fully determined.

For the reasons herein stated we find the holdings of the trial court to be correct and its judgment is therefore affirmed.

AFFIRMED.

CARTER, J., participating on briefs.