O. K. DOOR COMPANY, INC., A CORPORATION, APPELLEE, V. LINCOLN ENGINEERING CONSTRUCTION COMPANY, A CORPORATION, APPELLEE, THE TRAVELERS INDEMNITY COMPANY, INTERVENER-APPELLANT.

119 N. W. 2d 153

Filed January 25, 1963. No. 35309.

Cline, Williams, Wright, Johnson, Oldfather & Thompson, for intervener-appellant.

Kier, Cobb & Luedtke, for appellee O. K. Door Co., Inc.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

Yeager, J.

This action as instituted was by the O. K. Door Company, Inc., a corporation, plaintiff, against the Lincoln Engineering Construction Company, a corporation, defendant. The petition was filed on February 8, 1960. The action was for the recovery of $2,672 with interest, claimed to be due for certain services performed and material furnished by the plaintiff to the defendant pursuant to contract. On the same day an affidavit for garnishment was filed in which it was declared that the Lincoln Telephone and Telegraph Company, a corporation, was in possession of money due the defendant in the approximate amount of $7,700. The purpose of the affidavit was to cause garnishment process to issue and to have applied sufficient of the money in the hands of the Lincoln Telephone and Telegraph Company to the payment of plaintiff's claim against the defendant.

The Travelers Indemnity Company filed in the action a petition in intervention whereby it claimed priority to all of the funds in the hands of the Lincoln Telephone and Telegraph Company.

For the further purposes of this opinion those who are parties in the action will be referred to in their nominal capacities, and the Lincoln Telephone and Telegraph Company will be referred to as the telephone company.

It is not disputed in the proceeding before this court that the telephone company was indebted to the defendant in substantially the amount claimed for work performed by the defendant, and likewise that the defendant was indebted to the plaintiff in the amount claimed. The pleading of the intervener disputes the claim of the plaintiff but this dispute was eliminated by the theory on which the case was tried. A default judgment was rendered in favor of the plaintiff and against the defendant on April 18, 1960, for $2,851.86 with interest. This obviously included accrued interest on $2,672 to the date of judgment. This judgment was rendered and

the garnishment by the plaintiff was later sustained. The telephone company was ordered to pay to plaintiff $2,672 with interest at the rate of 6 percent per annum from March 4, 1959. The remainder of the amount in the hands of the telephone company was released from the garnishment.

The legal validity of the rights which the plaintiff claimed as against the defendant is not contested herein by either the defendant or the telephone company. The question here is one only of priority of right to funds in the hands of the telephone company. The plaintiff claims priority by virtue of its garnishment, and the intervener claims priority on account of breach of the obligations of a performance bond which it executed and delivered to the telephone company to guarantee performance of a contract between it and the defendant, and on account of an assignment from the defendant to the intervener. The intervener asserted its priority by the petition in intervention which has been mentioned.

The judgment of the plaintiff is of no concern in the matter now before this court except insofar as it relates a valid history of the claim of the plaintiff. The only issue for determination herein is that of which of these two parties has the prior right to money in the hands of the telephone company sufficient to pay the judgment in favor of the plaintiff and against the defendant. The judgment of the district court on this issue was in favor of the plaintiff and against the intervener. From the judgment in favor of the plaintiff and an order overruling a motion for new trial the intervener has appealed.

The brief of the intervener contains several assignments of error but a determination of the question of priority will be dispositive of all of them, therefore they will not be referred to specifically herein.

The pertinent background of the issue to be determined is found in the pleadings, which have relation

to the garnishment and the intervener's claim of priority, and a stipulation of facts, and is as follows:

On or about March 11, 1958, the defendant entered into a contract to construct a telephone exchange at Auburn, Nebraska, for the telephone company. At that time the intervener executed a performance bond in favor of the telephone company in the amount of $58,263, the basic purpose of which bond was to guarantee performance of the contract between the defendant and the telephone company. The plaintiff became a subcontractor and performed service on the building to be constructed by the defendant. The defendant became indebted to the plaintiff on the subcontract in the amount of $2,672. It was for this amount that the default judgment referred to was rendered. The defendant became insolvent and defaulted on the contract with the telephone company some time prior to January 13, 1959, the date on which the intervener took the assignment of money due the defendant from the telephone company on the construction contract in the sum of $7,885.69.

The record does not disclose the date of the contract between the plaintiff and defendant or the date of the completion of performance except to the extent of a recital in the petition that it was entered into in 1958 and that interest was charged on the account from March 3, 1959.

After garnishment by the plaintiff the intervener filed its petition of intervention in which it made the claim that it was entitled to receive from the telephone company all of the money due the defendant under the contract, performance of which was guaranteed by the performance bond, and that this right had priority over the garnishment of the plaintiff. The validity of the garnishment is not a matter of concern. Priority only is involved.

By the petition the intervener claims priority by virtue of the assignment dated January 13, 1959. By its brief the intervener also claims a priority by virtue of

the terms of the performance bond but this claim is not presented by its pleadings or evidence. This is based on a contention that a general or implied agreement flowed from the performance bond which entitled the intervener to priority.

By stipulation of facts it is stated that between the dates of March 2, 1959, and December 1, 1959, the intervener paid obligations of the defendant under the terms of the performance bond mentioned in the amount of $11,676.22.

This amount was paid under the performance bond but for what particular purpose or under what condition or conditions named in the bond is not disclosed. Under the bond the intervener had a choice between two options in case of default by the defendant. One was to complete the contract in accordance with its terms and conditions. The other was to obtain bids for completion under the terms of the contract and to pay therefor, less any balance due on the contract between the telephone company and the defendant. There is no language in the bond stating or the effect of which was to say that this payment amounted specifically to a legal or equitable assignment of money due the defendant from the telephone company. There is nothing in this bond which directly or indirectly exacted payment of anything to the intervener.

If therefore the intervener had any claim it must be found in the assignment which was given to it on January 13, 1959, notice of which, according to the stipulation, was given to the telephone company on or before January 15, 1959, or must flow by operation of law as an equitable right from the guaranty contained in the performance bond, superior to the garnishment of the plaintiff.

By the assignment it is true that the defendant assigned all right, title, and interest in and to any and all money due it from the telephone company under the contract between the telephone company and the de-

fendant, performance of which was guaranteed by the intervener. This assignment however was not without qualification. The fourth paragraph is as follows: "Lincoln Engineering Construction Company hereby authorizes and directs The Travelers Indemnity Company to pay out of said money herein assigned first, any and all lawful claims growing out of the performance of said contract; second, any and all amounts which it may owe The Travelers Indemnity Company; and third, the remainder, if any, shall be returned to Lincoln Engineering Construction Company."

It follows that by this specific declaration of the defendant, accepted by the intervener, since the defendant was indebted to the plaintiff and the telephone company was indebted to the defendant in an amount more than sufficient to pay plaintiff's claim, the plaintiff was entitled to have its claim satisfied out of the money owing to the defendant by the telephone company.

It is true that the intervener, under the guaranty of the performance bond, in the absence of other agreement modifying or taking the place of the guaranty, had an equitable right in the event of default of the defendant to be subrogated to the rights of the defendant under the contract with the telephone company. The controlling rule in this respect is stated as follows in the case of In re Estate of Williams, 148 Neb. 208, 26 N. W. 2d 847: "Where a guarantor, who has entered into a contract of guaranty at the request of, or with the consent of, the principal obligor, pays or is compelled to pay his principal's debt, the law raises an implied promise, unless there is an express one, on the part of the principal to reimburse the guarantor, and on payment of the debt the guarantor at once has a right of action against the principal for reimbursement of the amount which he has paid, with interest thereon at the legal rate." See, also, Dakota County v. Central Bridge & Constr. Co., 136 Neb. 118, 285 N. W. 309.

It is to be observed that this implied promise is by

its terms inapplicable in the event that there is an express promise on the part of the principal.

The reasonable inference to be drawn from the stipulation of facts is that the contract of the defendant with the intervener contained in the performance bond was breached before the assignment was given. It is substantially contended that on that account the implied promise attending the guaranty bond was still in full force and effect.

By what was said as follows in Moore v. Markel, 112 Neb. 743, 201 N. W. 147, it is inferable that the rule is limited to instances where a change is made before a breach has occurred: "The rule of law applicable is that a contract, containing mutual obligations of the parties, may, at any time after it has been made and before a breach has occurred, be changed or modified in one or more of its details by a new agreement, by mutual consent of the parties, without any new, independent, or distinct consideration."

This pronouncement has no application to the present situation, whether the assignment was made before or after breach. The assignment was a new written agreement based upon "a good and valid consideration" between the defendant and the intervener of which the telephone company was given due notice, the clear and obvious purpose of which was to allocate funds owing by the telephone company under the contract with the defendant first to the payment of such obligations as that represented by the judgment in favor of the plaintiff and against the defendant. It is not contended that such an agreement based upon a valid consideration would be invalid. This agreement by its terms took the place of the implied promise attendant upon a breach of the agreement of guaranty.

In the light of these observations and of the stipulated fact that the telephone company had sufficient money which was due and owing under the contract between it and the defendant to pay the judgment of the plain-

tiff within the meaning of and pursuant to the assignment, the judgment of the district court herein involved is affirmed.

AFFIRMED.

SIMMONS, C. J., not participating.