IN RE ESTATE OF MARY EDITH LAMBIE, DECEASED. WILLIAM MONMOUTH LAMBIE, APPELLEE, V. GERALD D. STAHL, ADMINISTRATOR WITH THE WILL ANNEXED OF THE ESTATE OF MARY EDITH LAMBIE, DECEASED, APPELLEE, IMPLEADED WITH WALLACE H. LAMBIE, APPELLANT.
134 N. W. 2d 86

Filed March 26, 1965. No. 35853.

E. Merle McDermott and Flansburg, Mattson, Field, Ricketts, Sorensen & Gourlay, for appellant.

S. W. Moger, Leon A. Sprague, and John A. Bottorf, for appellee Lambie.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SMITH, J.

Review of a final administration account in a decedent's estate is the occasion for determination of probate jurisdiction to render a money judgment on a claim on behalf of the legal representative against a named legatee whose defense is adverse to the estate. The county court approved the administration account; but on appeal the district court, after a trial, overruled the order of approval and remanded the cause with directions.

Procedural events have obscured the primary issue. Wallace H. Lambie and William Monmouth Lambie are named residuary legatees in the will of their mother, Mary, deceased. In the course of administration of her estate William filed objections to the final administration account, alleging that Wallace had not accounted for rentals collected by him for her and that the estate was not ready to be closed. The administrator, with will annexed, later filed a supplemental report to which was annexed a profit and loss statement furnished by Wallace. The county court then found that there were no additional assets, overruled the objections, and approved the administration account as supplemented.

On appeal William prayed that Wallace be directed to make a complete report and that judgment be rendered against him for $58,000. The district court made findings upon which any liability of Wallace was to be based, and directed him to file a report in county court.

On the jurisdictional issue we look to the relationship between parties and claim. William requests neither a surcharge on the administration account nor an application of the doctrine of retainer. The case for jurisdiction must rest on fiduciary transactions prior to Mary's death and Wallace's status as a named legatee. It is not enough.

A title dispute between an estate representative and a third person with an adverse claim is ordinarily decided in another forum. Exceptions have arisen to meet a

practical need for expanded probate jurisdiction until today determination of title is often recognized as an incident to jurisdiction over settlement and distribution. See In re Estate of Wiley, 150 Neb. 898, 36 N. W. 2d 483.

The reason for expansion marks off the limit. Jurisdiction to enforce a right of retainer does not imply jurisdiction to render a personal judgment. See, Nelson v. Janssen, 144 Neb. 811, 14 N. W. 2d 662; Thompson v. McCune, 333 Mo. 758, 63 S. W. 2d 41; State ex rel. Toller v. Ennis, 222 Mo. App. 713, 7 S. W. 2d 737; In re Sheley's Estate, 35 N. M. 358, 298 P. 942. A contrary pronouncement in Rohn v. Kelley, 156 Neb. 463, 56 N. W. 2d 711, is disapproved.

That principle emphasizes the requirement that there be an exercise of probate jurisdiction. Insufficient is Wallace's dual status as an alleged debtor with an adverse defense and a named legatee. See, In re Donaldson's Estate (Fla. App.), 147 So. 2d 552; In re Singleton's Estate, 26 Nev. 106, 64 P. 513; Stewart v. Lohr, 1 Wash. 341, 25 P. 457, 22 Am. S. R. 150.

Different rules have been applied to a claim against a legal representative or against a creditor for a refund. See, Whiteside v. Whiteside, 159 Neb. 362, 67 N. W. 2d 141; In re Estate of Wiley, *supra;* In re Estate of Statz, 144 Neb. 154, 12 N. W. 2d 829; Howells State Bank v. Estate of Muller, 113 Neb. 177, 202 N. W. 450. They do not control here.

With Wallace's concession that the administrator is a proper party to prosecute the claim, we conclude that it has not been administered and that approval of this item of the administration account is premature. We express no opinion on the merits of the claim and we decide that the findings of the district court in this respect are erroneous because inappropriate.

The judgment under review is correct in disallowing this item of the administration account, but it should be modified by: (1) Instructing the administrator to

prosecute the claim and directing him to account to the county court; and (2) vacating the remand to the county court. As so modified, the judgment should be, and is, affirmed with costs in this court apportioned equally between Wallace and William.

AFFIRMED AS MODIFIED.